CASE 10—PETITION ORDINARY—MARCH 7.

## Fugate v. City of Somerset.

APPEAL FROM PULASKI CIRCUIT COURT.

1. IT IS THE DUTY OF A CITY TO KEEP ITS STREETS REASONABLY SAFE FOR PUBLIC TRAVEL; and it is liable for injuries resulting from obstructions in the street of which it has had notice, or of which it may reasonably be presumed to have had notice from the length of time the obstruction has existed. And while a city may temporarily place obstructions on a street for the purpose of making repairs, yet this is permitted only as a matter of necessity and for only a reasonable time.

In this action against a city to recover for injuries to plaintiff resulting from his horse, which had become unmanageable, running against a pile of lumber which had been left in the street, and turning his buggy over and throwing him out over an embankment, the court erred in giving a peremptory instruction for defendant, the testimony tending to show that the lumber had been placed in the street by direction of a member of the city council, and that another of the councilmen knew of the obstruction, and that the repairs for the purpose of which the lumber was placed in the street had been completed some time before the injury. Whether the street was so obstructed as to render

it dangerous, whether plaintiff was injured by reason of the ob-
struction, and whether plaintiff was himself guilty of contribu-
tory negligence, were all questions for the jury.

2. SAME.—Whether the city was under obligation to erect a fence or
other barrier along the embankment depends upon whether or
not the street was reasonably safe for travel without this fence,
and this is a question for the jury.

W. O. BRADLEY AND J. W. COLYAR FOR APPELLANT.

1. Denials in the conjunctive are not good.   (Cincinnati, &c., R. Co.
v. Barker, 14 Ky. Law Rep., 750.)

2. A peremptory instruction should not be given in any case unless
it appears that admitting the testimony to be true and every in-
ference fairly deducible from it the plaintiff has failed to support
his claim.   (Bell v. Rowland, Hardin, 301; Gallatin v. Bradford,
1 Bibb, 209; Dodge v. Bank of Ky., 2 Mar., 612; Jackson v. Holli-
day, 3 Mon., 366; Curle v. Beers, 3 J. J. Mar.,173; Munsel v. Bart-
lett, 6 J. J. Mar., 22; Gregory v. Nesbitt, 5 Dana, 421; Shay v. R.
& L. T. Co., 1 Bush, 109.)

3. Although the horse was frightened by a locomotive the obstruc-
tion was the proximate cause of the injury.   (Elliott on Roads
and Streets, p. 451; Dillon on Mun. Corp., sec. 1007.)

4. It was defendant's duty to keep the streets in safe condition for
travelers.   (Dillon on Mun. Corp., sec. 1017.)

5. The obstruction was placed in the street by defendant's own of-
ficers and two of the council knew of it, hence, defendant had
notice and is responsible.   (Dillon on Mun. Corp., sec. 1024.)

    If defendant had the means of knowing of the obstruction it
is chargeable with notice.   (Dillon on Mun. Corp., sec. 1025;
Elliott on Roads and Streets, pp. 461, 462.)

6. It was the duty of defendant to provide a fence or some sort
of barrier as protection against the embankment.   (Dillon on
Mun. Corp., sec. 1005; Elliott on Roads and Streets, p. 453.)

7. Any unauthorized obstruction which unnecessarily incommodes
the lawful use of a highway is a nuisance.   (Elliott on Roads and
Streets, p. 477.)

    While a street may be temporarily obstructed when necessary
for repair or improvement, this obstruction must be only for a
reasonable time.   (Dillon on Mun. Corp., sec. 730.)

    In this case two months was an unreasonable time.

O. H. WADDLE FOR APPELLEE.

1. The question raised as to the answer does not come within the
principle enunciated in Cincinnati, &c., R. Co. v. Barker, 14 Ky.

Law Rep., 750, nor does it come within the purview of sec. 126 of the Civil Code.

2. At common law a municipal corporation is not liable to an individual for neglect to keep a highway in repair, whereby he suffers an injury in using it.   (Cooley on Torts, 62.)

3. A municipal corporation is not an insurer against accidents upon its streets, nor is every defect therein, though it may cause the injury sued for, actionable.    It is sufficient if the streets are in a reasonably safe condition for travel in the ordinary way by night as well as by day; and whether they are so or not is a practical question to be determined in each case by its peculiar circumstances.   (Dillon on Mun. Corp., p. 917, 918.)

4. Obstructions consequent on repair of streets create no liability if there is no negligence.    (Cooley on Torts, 622; Robbins v. Chicago, 4 Wall, 657; Southworth v. Stamping Ground Turnpike Co., 91 Ky., 485.)

5. A town is not liable for an injury suffered by unmanageable and unruly horses where the road is in such condition that horses under control could have been driven with safety.   (Cooley on Torts, 633 (note); Jackson v. Benhover, 30 Wis., 250.)

W. A. MORROW OF COUNSEL ON SAME SIDE.

JUDGE GRACE DELIVERED THE OPINION OF THE COURT.

This is an appeal from a judgment of the Pulaski Circuit Court, dismissing plaintiff's petition for damages claimed against the city of Somerset.

Plaintiff alleged in his petition that prior to August, 1889, the defendant, by its agents and officers, placed, or suffered and permitted others to place, large piles of lumber on one of its principal streets, whereby same was made and left in an unsafe and dangerous condition for public travel, and so suffered and permitted same to remain for a considerable length of time, and that while in this condition plaintiff, on the third Sunday in August, was driving along said street in said town and his horse became alarmed and unmanageable and ran away, and ran onto and over said obstruction, throwing this plaintiff out of his buggy, and over and down

an embankment, where said lumber was piled up, and great-ly injured this plaintiff in his back and hip, and that all this was without fault or negligence on his part; that his horse and buggy were both injured at the same time and from the same cause.

Plaintiff further charges that this same street was unsafe by reason of the failure and negligence of the city in not providing and having erected a fence, or other barrier or protection, along on the side and at the top of the embankment, for the safety and protection of the public in traveling over same.

Defendants, by their answer, deny substantially each allegation of plaintiff, and say that plaintiff's injuries were caused by and resulted from his own carelessness and negligence in not providing his harness, and using, a safe line, but that the line used was old and rotten, and insufficient to guide or restrain his horse, whereby he was injured.

A jury being impaneled, plaintiff introduced himself and other witnesses, proving substantially the allegations of his petition; that on and along this street where he was driving there was an embankment some fifty or more yards long, and some ten or twelve feet high; that this was unprotected in any way, and that on and along this street and in same several piles of lumber had been placed, some two and a half feet high, five feet wide, the plank being some twelve feet long, same being placed endways to the street and covering several feet of the improved part of said street, and extending up on the metaled part of same, and that his horse, from some reason becoming unmanageable, ran away and over this pile of lumber, turning his buggy over and throwing him out, down and over the embankment, and seriously injuring him in his back and hip, and that after a period of three years he was still at the time of trial in a crippled con-

dition, and unable to labor for a support. He also proved that his lines were good and strong, of leather, but that in pulling them to keep his horse off this lumber pile one of them did break, but without his fault. He showed that this lumber had been piled up on this street by the direction of one of the councilmen of the city, and that another one lived near by and knew of this obstruction; that this lumber was first removed to that side of the street early in July to make some repairs on the sidewalk on the opposite side of the street, but that these repairs had been completed some time before his injury, though the obstruction still remained. On this testimony in substance plaintiff rested his case, whereupon the court, on motion of the defendant, instructed the jury as in case of a non-suit over the objection of plaintiff. Exception was duly taken, and after the motion for a new trial was overruled this appeal was taken.

The duty of the city to put and keep its streets in good condition and repair, and to keep them reasonably safe for public travel, seems to be admitted. It is equally clear that they must keep same clear of obstructions that are dangerous, to public travel, where they have notice of same, or where the same has been obstructed so long that they may be reasonably presumed to have notice.

In this case one of the city councilmen authorized the obstruction to be placed on the street. Another lived near by and must have known of it.

While it is also true that a city may temporarily place obstructions on a street for the purpose of making repairs, yet same is only permitted as a matter of necessity, and for only a reasonable time, after which they should be removed.

As to whether the city was under obligation to erect a fence or other barrier along the embankment, we think that depends upon whether, on all the facts of the case, the street

Fugate v. City of Somerset.

was reasonably safe for travel without this fence. If so, then the city is not required to erect same.

Cities are not required to insure by this means the absolute safety of the traveler against the possibility of injury, but only to make and keep their streets reasonably safe, and this is a question for the jury.

Upon these issues presented by the pleadings as to whether said street was so obstructed as to render same dangerous and unsafe for public travel, and whether plaintiff was injured by reason of same, and as to whether plaintiff was himself guilty of such negligence as to prevent his recovery, were all questions of fact for the determination of a jury under appropriate instructions by the court.

Under the usual rule that, admitting every fact given in evidence to be true, and every inference reasonably deducible therefrom, if plaintiff has made out his case, it is error to take the case from a jury by a peremptory instruction. Viewing the evidence in this light, and under the principles of law herein announced, which we think applicable to the case, we think the court erred in giving the instruction asked for.

We refer for authority herein to Elliott on Roads and Streets, pages 451-2-3; same, as to notice to the city, p. 461, and to Dillon on Municipal Corporations, secs. 730, 1008, 1017, 1024, 1025.

Judgment must be reversed and cause remanded for further proceedings consistent with this opinion.