CASE 30—ACTION BY W. W. YATES AGAINST THE CITY OF COVINGTON
FOR PERSONAL INJURIES BY REASON OF DEFECTIVE SIDEWALKS.—
DEC. 7.

# Yates v. City of Covington.

APPEAL FROM KENTON CIRCUIT COURT—JAMES P. TARVIN, CIRCUIT
JUDGE.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS. REVERSED.

MUNICIPAL CORPORATIONS—DEFECTIVE SIDEWALKS—INJURIES TO PE-
DESTRIANS—NEGLIGENCE—EVIDENCE.

1. In an action against a city for injuries to a pedestrian caused
by a defective alley crossing, evidence HELD sufficient to estab-

Yates v. City of Covington.

lish a case for plaintiff, which it was error to withdraw ,from the jury.

2. In an action against a city for injuries to a, pedestrian caused by a defective sidewalk, it was competent to show prior accidents and injuries received by pedestrians at the place where plaintiff fell.

B. F. GRAZIANI, ATTORNEY FOR APPELLANT.

1. We contend that the court erred in rejecting competent evidence by not allowing appellant to prove by seven disinterested witnesses that at the place on Russell street where appellant was injured, they lived near by, and saw numbers of persons fall at that point by reason of defects in the sidewalk, and that accidents occurred constantly at said point.

2. The court erred in peremptorily instructing the jury to find for the defendant city.

AUTHORITIES CITED.

The court erred in rejecting competent evidence. District of Columbia v. Chas. Armes, 107 U. S. Sup. Ct. Rep., 526; Quinlan v. Utica, 11 Hun., 217; Chicago v. Powers, 42 Ill., 169; Pomfrey v. Saratoga Springs, 104 N. Y., 459; Wooley v. Grand St., &c., R. Co., 83 N. Y., 121; Johnson v. M. R. Co., 52 Hun., 111.

The court erred in peremptorily instructing to find for the defendant city. Carlisle v. Secrest, 25 Ky. Law Rep., 336; Dillon on Munic. Corp., sec. 1007; Banks v. County of Henderson, 24 Ky. Law Rep., 1560; City of Circleville v. Sohn, 59 Ohio St. Rep., 285; Flynn v. Town of Watertown, 5 Amer. Neg. Rep., 623; Fugate v. City of Somerset, 97 Ky. Rep., 53; Asman v. City of Covington, 24 Ky. Law Rep., 415; Kate Jones v. City of Covington, 25 Ky. Law Rep., 1983; Thomas Johnson v. City of Covington, 24 Ky. Law Rep., 602; House v. City of Covington, 26 Ky. Law Rep., 660.

F. J. HANLON, CITY SOLICITOR, ATTORNEY FOR APPELLEE.

AUTHORITIES CITED.

1. The defect, if any, is a structural one. Lena M. Morgan v. City of Lewiston, 91 Maine, 566; Haggerty v. City of Lewiston, 50 Atl., 55; City Council of Augusta v. Little, 41 S. E. Rep., 238; Teager v. City of Flemingsburg, 22 Ky. Law Rep., 1442; Town of Gosport v. Evans, 112 Ind., 133.

Yates v. City of Covington.

2. The city should not be held liable for accidents happening by reason of slippery sidewalks. Lichtenstein v. Mayor, &c., of New York, 2 Munic. Corp., case 513; Cloughessey v. City of Waterbury, 51 Conn., 404; Smith v. Bangor, 72 Me., 249; Stone v. Hubbardstown, 100 Mass., 119; Clumk v. Kline, 100 Pa. St., 119; Dillon on Municipal Corporations (2d Ed.), sec. 1006.

OPINION OF THE COURT BY JUDGE NUNN—REVERSING.

The appellant on the 4th of October, 1902, filed his petition against the appellee in the Kenton circuit court, and in substance alleged that in the nighttime on the 21st of February, 1902, when walking along the sidewalk on the east side of Russell street, in the city of Covington, and while crossing an alley, he fell, injuring his hip and back, causing the muscles and ligaments of his limbs to become strained and bruised, in consequence of which he had become a permanent cripple. He alleged that his injuries were the result of the negligence of the appellee in permitting this sidewalk or flagging to become sunken and tipped, and the stones between to become sunken, so as to form a deep hole; that he was using ordinary care to avoid injury at and prior to the time he fell; that the unsafe condition of the street or sidewalk, at the place he received his injury, was known to appellee a sufficient length of time before the accident to have repaired and made the place reasonably safe; and that he, appellant, did not know of its unsafe and dangerous condition. The appellee controverted the petition and pleaded contributory negligence on the part of appellant. This plea was controverted by appellant. A jury was impaneled and heard the evidence of appellant and two witnesses for appellee, when the court on motion of appellee by a peremptory instruction directed the jury to find for the appellee, and the case is here on appeal. The only questions to be determined on this appeal are whether or not there was any evidence introduced on the trial tending to establish appel-

lant's cause of action, and whether the court erred in rejecting evidence offered by appellant.

It appears in the record that it was agreed that Russell street is one of the prominent streets of the city, and much traveled; that appellant, on the evening stated in the petition, was going from his home to church, and just as he reached about the center of the alleyway mentioned in the petition his foot slipped on the uneven surface of the rocks, and he fell and was severely and permanently injured. Some of the witnesses described the place at which appellant fell in substance as follows: That there were holes and ruts about the center of the alley. The slabs over the center thereof had widened by long usage and time to about fifteen inches apart and six or seven inches in depth. These stone slabs were worn and tilted, and made it more dangerous to pedestrians on account of the sudden decline from where the sidewalk terminated at the north side of the alley to the center thereof. These slabs had been worn slick and oval in shape, with a space between the ends thereof in the center of the alley of several inches and six or eight inches in depth. That this condition of the sidewalk had existed for several years, gradually becoming worse. The facts in the case before us are almost identical with the facts in the case of Carlisle v. Secrest, 75 S. W., 268, 25 Ky. Law Rep., 336. In that case the court said: "It was the duty of the appellant to keep its sidewalk reasonably free from defects endangering the traveling public while using it, and if it failed in the performance of this duty it is responsible for the damage caused by such failure. The question as to whether or not there was such failure upon the part of the municipality, or as to whether or not the appellee was guilty of contributory negligence in the premises, were peculiarly within the province of the jury to determine; and,

as these questions were properly submitted by the court to the jury in the instructions given, the judgment is affirmed."

In the case of Fugate v. City of Somerset, 97 Ky., 53, 16 R., 807, 29 S. W., 971, this court said: "These issues presented by the pleadings, as to whether said street was so obstructed as to render same dangerous and unsafe for public travel, and whether plaintiff was injured by reason of same, and as to whether plaintiff was himself guilty of such negligence as to prevent his recovery, were all questions of fact for the determination of the jury under appropriate instructions by the court. Under the usual rule that, admitting every fact given in evidence to be true, and every inference deducible therefrom, if plaintiff has made out his case, it is error to take the case from a jury by a peremptory instruction." We are of the opinion that there was some evidence introduced tending to support appellant's cause of action, and the court erred in giving a peremptory instruction.

On the trial the appellant introduced several witnesses, by whom he proved the condition of the sidewalk as stated, and then offered to prove by them that for fifteen or eighteen months next prior to appellant's injuries they had frequently seen pedestrians fall upon this sidewalk at the place where appellant fell. Some of them were injured slightly, and some of them were not injured. On the trial of the case of District of Columbia v. C. H. Arms, 107 U. S., 524, 2 Sup. Ct., 844, 27 L. Ed., 618, the plaintiff in the lower court was permitted to show that prior to the accident to him a large number of persons were injured at the same place on the sidewalk. The court in that case, Justice Field writing the opinion, used this language in reference to the competency of this evidence: "On the trial a member of the metropolitan police, who saw the deceased fall on the sidewalk and went to

his assistance, was asked, after testifying to the accident, whether, while he was on his beat, other accidents had happened at that place. The court allowed the question, against the objection of the city's counsel, for the purpose of showing the condition of the street, and the liability of other persons to fall there. The witness answered that he had seen other persons stumble over there. He remembered sending home in a hack a woman who had fallen there, and had seen as many as five persons fall there. The admission of this testimony is now urged as error, the point of the objection being that it tended to introduce collateral issues and thus mislead the jury from the matter directly in controversy. Were such the case, the objection would be tenable; but no dispute was made as to these accidents, no question was raised as to the extent of the injuries received, no point was made upon them, no recovery was sought by reason of them, nor any increase of damages. They were proved simply as circumstances which, with other evidence, tended to show the dangerous character of the sidewalk in its unguarded condition. The frequency of accidents at a particular place would seem to be good evidence of its dangerous character; at least, it is some evidence to that effect. Persons were not wont to seek such places, and do not willingly fall into them. Here the character of the place was one of the subjects of the inquiry to which attention was called by the nature of the action and the pleadings, and the defendant should have been prepared to show its real character in the face of any proof bearing on that subject. Besides this, as publicity was necessarily given to the accidents, they also tended to show that the dangerous character of the locality was brought to the attention of the city authorities." To the same effect are the cases of Quinlan v. Utica, 11 Hun, 217; Chicago v. Powers, Adm'x, 42 Ill., 169, 89 Am. Dec., 418, and Pom-

frey v. Village of Saratoga, 104 N. Y., 459, 11 N. E., 43. In the first case cited the court said, on the competency of like evidence: "There was testimony showing quite conclusively that for several years immediately preceding the accident, including the various times to which the testimony under consideration referred, the walk was in the same general condition that it was in when the plaintiff received her injuries. It is claimed by counsel for the respondent that, under these circumstances, the evidence in question was properly received, on the ground that it tended to show that the walk, tested by actual use, had been demonstrated to be in an unsafe and improper condition, and that such was its condition at the time when the plaintiff was injured." Under these rulings it was competent to show prior accidents and injuries received by pedestrians at the place where appellant fell, both for the purpose of tending to show, with other evidence, the unsafe condition of the sidewalk at that place, and as tending to show that the dangerous character of the walk at that point was brought to the attention of the city authorities. We are therefore of the opinion that the lower court erred to the prejudice of the appellant in rejecting this evidence.

Wherefore the judgment of the lower court is reversed, and the cause remanded for further proceedings consistent herewith.