ST. LOUIS, KANSAS CITY AND SPRINGFIELD

# COURTS OF APPEALS

## AT THE

## OCTOBER TERM, 1916.

(Continued from Volume 194).

FRANCES CHANCE, Respondent, v. CITY OF ST. JOSEPH, Appellant.

Kansas City Court of Appeals, November 27, 1916.

1. NEGLIGENCE: Municipal Corporations: Barriers on Public Streets. The plaintiff, the widow of Henry Chance, sued to recover damages for the death of her husband, which she contended was caused by the negligence of the defendant in failing to maintain a barricade across the end of a public street, which ended at the crest of a precipitous declivity. Her husband was driving an automobile about ten o'clock at night up Paulin street when he went around the house erected at the end of the street and went over the cliff, there being no barrier or fence to warn him of the danger, nor were there any lights. Held, that the issue of contributory negligence was one of .fact for the jury to determine, and that the court did not err in refusing the request of the defendant for a peremptory instruction.

2. ————: ————: ————: The primary duty of maintaining a barrier at the dangerous end of a street rests upon the municipal corporation, and when the evidence of plaintiff shows that defendant was remiss in the performance of that duty when it allowed a substantial part of the barrier, the fence, to be destroyed, thus leaving an inviting trap exposed for the unwary or negligent traveler to fall into.

195 M. A.  ·(1)

3. ———: ———: ———: While the plating and dedication of a street, followed by public use of such platted street as a thoroughfare, will not alone give it the character of a street, nor cast upon the city the duty to repair, the grading of such dedicated and publicly used street by the city will not constitute an assumption of control and an invitation to the public to use the street as one which the city is duty bound to keep in a reasonably safe condition to travel.

Appeal from the Buchannan Circuit Court.—*Hon. Chas. H. Mayer,* Judge.

AFFIRMED.

*Duvall & Boyd,* and *Mytton & Parkinson* for respondent.

*Faust, Otis & Hess* for appellant.

JOHNSON, J.—Plaintiff, the widow of Henry Chance, deceased, sued to recover damages for the death of her husband which she alleges was caused by negligence of defendant in failing to maintain a barricade across the end of a public street which ended at the crest of a precipitous declivity. The petition alleges "that at all the times herein mentioned Elwood street and Belmont streets were public thoroughfares and streets running north and south and parallaling each other in the city of St. Joseph, with no other street running north and south between them; that at all the times herein mentioned Poulin street was a public thoroughfare and street running east and west in the city of St Joseph and intersecting Elwood and Belmont streets; that on the 11th day of January, 1913, Henry Chance, deceased, while in the exercise of ordinary care was driving west on Poulin street, between Elwood and Belmont streets, and was precipitated over a high bluff to the ground beneath as he drove west in Poulin street west of Elwood street and east of Belmont street; that he was precipitated over said high bluff to the ground beneath on account of and by reason of the negligence of the defendant city in maintaining said street, thrown open by the city for travel by the public, in a dangerous and unsafe condition in that

said street was maintained so that the roadway thereof in traveling west on said street, between Elwood and Belmont streets, led to a precipitous embankment, which rendered said street dangerous and unsafe for pedestrians and persons driving thereon, and carelessly and negligently maintained said street in said condition without any guards or rails or barriers or notice or warning of any kind or character to notify the public of the existence of said precipitous embankment on said street,'' etc.

The answer is a general denial and a plea of contributory negligence. A trial in the circuit court resulted in a verdict and judgment for plaintiff in the sum of $6000, and defendant appealed. The injury which resulted in the death of plaintiff's husband occurred near ten o'clock in the evening of January 11, 1913, at the west end of Poulin street in St. Joseph. That street runs east and west, is fifty feet wide and is in Bellevue Addition which was platted in 1858. Going west from Prospect avenue, which runs north and south along the base of a river bluff, it runs eight hundred feet or more up the east side of the bluff and ends at the summit, being intersected in turn by Bellevue and Elwood streets. The distance from the west line of Elwood to the end of Poulin is not to exceed one hundred and fifty feet. There is a residence on the northwest corner of Poulin and Elwood and a small dwelling house in the middle of Poulin, at the end of that street. That house was built many years ago with the permission of the city and after the grading of Poulin street which was done twenty-five or thirty years before the date of the injury. The distance from the south side of the house to a ditch near the south line of Poulin street was ten or twelve feet and there was a covered cistern in this space. The evidence of plaintiff tends to show there was some travel on the street by delivery wagons and by others who drove to the end of the street and turned back in front of the house. No one could drive past the house without going over the bluff, since the declivity began immediately at its rear. There had been a fence from the house to the south line of the street but it had disappeared and there was nothing to

prevent a horse and wagon from passing on the south side of the house to the edge of the bank which formed the west side of the bluff.

Chance lived in the "French Bottoms" northwest of the city and in going to and from the city usually drove along Prospect avenue, the main traveled way. He had been in the city during the day, had visited a number of dramshops and the evidence strongly tends to support the conclusion that if not intoxicated, he was, to some extent, under the influence of liquor. In going home he approached Prospect avenue from the east on Poulin street and instead of turning north on Prospect as he should have done, continued west up the hill and when he reached the house in the street, drove around the south side, over the cistern cover which was level with the surface, and to and over the edge of the bank. The next morning he was found unconscious at the foot of the bank and two days later, he died.

His course up Poulin street and past the house was traced in the snow which had freshly fallen and which concealed the cistern cover and the fact that all travel on that street ended in front of the house. The night was clear but there was no moonlight and no street lights were in that vicinity. The house in the street was about seventeen feet wide and eleven or twelve feet deep. Its builder, introduced as a witness by plaintiff, testified that more than fifteen years before, he built it with permission of the Board of Public Works, on condition that he build a fence from the house to the south side of the street as a barricade to keep travelers from going to the edge of the bank, but, as stated, this fence had long since disappeared.

Counsel for defendant attack the petition on the ground that its omission of an allegation that defendant had either actual or constructive notice of the absence of a barricade at the end of the street constitutes a complete failure to state a cause of action which subjects the petition to attack at any stage of the case, regardless of the fact that defendant offered no demurrer but filed an answer to the merits.

Where the petition is not assailed by demurrer and the defendant answers, the rule is to construe its allegations most favorably to the plaintiff and if a constitutive fact is not expressly stated, but may be said to follow as a necessary implication from the facts alleged, the petition will not be held insufficient to support a verdict. For the reasons stated by the Supreme Court in the similar case of Hurst v. City, 96 Mo. l. c. 172, and by this court in Wilson v. City, 139 Mo. App. l. c. 560, we regard the petition as merely defective and hold that the defect was cured by answer.

Next it is contended that the jury should have been directed to return a verdict for defendant. We think the evidence of plaintiff shows that Poulin street between Elwood street and the edge of the declivity was a public street over which defendant had assumed and exercised control. While the platting and dedication of a street, followed by public use of such platted street as a thoroughfare, will not alone give it the character of a street, nor cast upon the city the duty to keep it in repair (Downend v. City, 156 Mo. l. c. 73; Curran v. City, 264 Mo. l. c. 659; Baldwin v. City, 141 Mo. l. c. 212; Atkinson v. City, 133 Mo. App. l. c. 5), the grading of such dedicated and publicly used street by the city will constitute an assumption of control and an invitation to the public to use the street as one which the city is duly bound to keep in a reasonably safe condition for travel. [Atkinson v. City, supra; Ely v. St. Louis, 181 Mo. 723; Ruppenthal v. St. Louis, 190 Mo. 213.]

Plaintiff sustained her burden of showing that Poulin street was a public street to the edge of the bank and the next question for our consideration relates to the duty, if any, of the city to maintain a barricade at the end of the street to prevent unwary travelers from driving over the precipitous bank.

Municipalities are not required to fence public streets to prevent travelers from straying outside of them, nor to mark their limits, but are required to erect and maintain suitable barriers where there are dangerous places which, without such protection, would render

the street unsafe and dangerous to travel. The question in each case is whether a barricade is needed to make the highway reasonably safe and convenient to travelers who are, themselves, in the exercise of reasonable care. [Logan v. New Bedford, 157 Mass. 534; Ballentine v. Kansas City, 126 Mo. App. 130; Wiggin v. St. Louis, 135 Mo. 558.] It is held in the last case cited that a "street which has a deep, unprotected excavation extending from an adjacent lot to its margin is not in a reasonably safe condition for travel. If the excavation rendered travel on the street dangerous, it was as much the duty of the city to protect the public against such dangers, as it would have been had the excavation been in the street itself."

Even more apparent and certain is the duty of maintaining a barrier across a public street where it abruptly ends at the very edge of a precipice. Defendant seems to have recognized its duty to barricade the end of Poulin street when it permitted a small house to be built in the street at the edge of the declivity on condition that the builder put up a fence which, with the house, would interpose a complete barrier to the further progress of travelers. The primary duty of maintaining that barrier rested upon defendant and the evidence of plaintiff shows that defendant was remiss in the performance of that duty when it allowed a substantial part of the barrier, viz., the fence, to be destroyed, thus leaving an inviting trap exposed for the unwary or negligent traveler to fall into.

There can be no reasonable question that the evidence of plaintiff makes out a case of negligence against the city, and the most serious questions for our determination relate to the issue of contributory negligence. No such negligence should be predicated of the fact that Chance deviated from his usual course of travel and drove westward up the hill on a street which could not be used as a route homeward and with which he was unfamiliar. He had a right to drive on any public street and his motive or purpose in selecting any course of travel was his own business. People use the streets for

purposes of exercise, recreation, or mere curiosity and a traveler cannot be pronounced negligent for having no serious reason for using a particular street. Nor does the fact that Chance was under the influence of intoxicants compel us to hold that he was guilty in law of negligence. Drunk or sober, he a had a right to drive to the end of that street if he chose. The question of whether or not he was negligent in attempting to drive through the apparently open course in the street south of the house is to be solved by the application to his conduct of the rule of care which the law would exact of an ordinarily careful and prudent sober person in his situation. If the jury were entitled to infer from all the facts and circumstances of that situation that a sober person, while in the exercise of reasonable care would, or might, have done as he did, the question of contributory negligence becomes resolved into an issue of fact for the jury to determine, and the court did not err in overruling the demurrer to the evidence.

The presence of the house in the street was not, of itself, an indubitable warning that it marked the end of the public thoroughfare. The conditions of light and visibility of objects were such that a traveler well might have inferred that the house was being moved along the street and was a mere temporary obstruction. The apparently open street south of the house might easily have been accepted as an invitation to proceed and as an assurance that no deadly peril lurked in the way. Clearly the issue of contributory negligence was one of fact for the jury to solve. The point of a lack of proof of a casual connection between the negligence of defendant and the injury is obviously not well taken and will not be discussed. The court did not err in refusing the request of defendant for a peremptory instruction.

Instruction "C" asked by defendant was properly refused. There is no prejudicial error in the record and the judgment is affirmed. All concur.