TOWN OF PALM BEACH v. E. J. HOVEY.

155 So. 808.
Opinion Filed June 25, 1934.
Petition for Rehearing Denied July 9, 1934.

*E. Harris Drew, Richard P. Robbins* and *J. Luther Drew,*
for Plaintiff in Error;

*Blackwell, Donnell & Moore,* for Defendant in Error.

DAVIS, C. J.—This was a suit for wrongful death brought
by the father of Ruth Hovey, deceased, against the Town of
Palm Beach, Florida. The amount of recovery fixed by
verdict of the jury was $8,750.00 and judgment for that
amount was entered. On writ of error it is contended that

the judgment should be reversed (1) because there was no duty on the part of the municipality to keep its streets and highways in a reasonably safe condition beyond the facilities provided as the usual mode of travel thereon; (2) because the deceased girl, Ruth Hovey, was guilty of contributory negligence in straying on a dark night from the usually traveled path of the highway for her own convenience; (3) the municipality had no knowledge of the latent defect alleged to have precipitated the fatal happening, and (4) that there was a fatal variance between the allegata of the declaration and the proof.

The contention that the judgment should be reversed on the ground of variance must be overruled on the authority of City of Tallahassee v. Hawes, 81 Fla. 123, 87 Sou. Rep. 765, wherein a similar minor discrepancy between the allegations of a declaration and the proof was held unsubstantial and not ground for reversing the judgment where the proof clearly showed liability on the city's part and the declaration in its most general aspects sufficiently advised the city of the basis of recovery which the plaintiff was asserting.

According to the evidence, Himount Road is a public thoroughfare in the Town of Palm Beach and has been open for public use since 1925. It is a dedicated street thirty feet wide that runs north and south on a high ridge. It terminates abruptly at a dead end on its northern terminus. Here there was, at the time of the accident in this case, a broken pavement torn up for about two and one-half feet at the dead end, with a hole about four feet deep and ten feet wide actually in the street on that part of the twenty-four-feet-wide portion thereof which was originally paved up to the dead end. Eleven feet beyond the dead end pavement of Himount Road is a deep cut, the bottom of

which is about thirty feet below the surface of Himount Road.

On the night of the accident, after dark, the deceased, Ruth Hovey, a girl nineteen years old, with a girl friend and two young men companions drove north on Himount Road to the end of the street, turned the car around, drove a short distance south, and stopped the car about thirty feet south of the north end of Himount Road. Thereupon the deceased girl and her girl companion got out of the car and walked toward the terminus of Himount Road to answer a call of nature, which they wished to satisfy by stepping into the weeds at the end of the street to hide themselves from the young men.

As one walks north in the center of Himount Road, just before reaching the terminus, he would come to a hole in the pavement about four feet deep and ten feet wide, obscured by grass in such a manner that it would appear to be a level continuation of the highway itself. Beyond this in the same direction of travel is an incline of 45 degrees leading to the perpendicular walls of a precipice standing eighteen feet above the lower surface of the "cut" which runs at right angles to Himount Road, which is some thirty feet higher. The hole first mentioned had formed in a portion of the street where the end of the paving originally was, and appared to have been caused by an undermining of the end of the pavement with a consequent sinking in of a portion of its surface.

Plaintiff's theory of the cause of the fatal accident to Miss Hovey was that the deceased, while still within the accepted limits of Himount Road as originally laid out, paved and maintained in the first instance by the City of Palm Beach, on the dark night in question, stepped in this hole which was then a part of the street and against which

no warnings, safeguards or barriers had been placed by the city and thereupon lost her balance, rolling a few feet down the 45-degree incline and thence over the edge of the nearby precipice into the intersecting "cut" to the pavement some eighteen feet below, thereby sustaining injuries from which she died a few hours afterward.

The plaintiff's amended declaration in substance alleged that deceased, in the exercise of ordinary care, was walking north of Himount Road and was precipitated over a high bluff, bank or ditch or precipitous embankment to the ground about thirty feet beneath said street as she walked in and along said street at the end of the pavement thereof, and was killed on account of and by reason of the negligence of defendant in maintaining said street thrown open by said town for travel by the public in a dangerous and unsafe condition, in that said street was for many months prior thereto maintained so that the roadway thereof in traveling north on said street led to a high bluff, bank, ditch or precipitous embankment more than thirty feet deep, which rendered said street dangerous and unsafe for pedestrians and persons driving thereon, and carelessly and negligently maintained, for many months prior thereto, said street in a dangerous condition without any guards, or railings, or barriers, or lights, or notice, or warning of any kind or character to notify the public of the existence of said precipitous embankment, although the said pavement ended at a distance of not more than two feet from the edge of said precipitous embankment or ditch.

The pleas were not guilty and contributory negligence.

Where a part of the street itself at a dead end thereof to which the public is invited to travel, has become a public menace because of its long-standing defective condition, and close proximity to a dangerous cut into which unwary

travelers may be suddenly precipitated unless warned of the street's dangerous and defective condition near the street's terminus, it is the duty of the municipality maintaining such street as a viatic way for general use, to warn travelers of the menace by erecting barriers, or establishing warnings or signals of some kind at the point of danger, in order to caution those who are invited to use the street to its terminus, of the danger attendant upon their further progress in the direction in which the roadway appears to afford a means of safe travel, and where it does not do so, it is liable as a tort feasor to those who may be injured by the failure of the municipality to give the required warnings. 13 R. C. L. 419, Section 344; Chance v. City of St. Joseph, 195 Mo. App. 1, 190 S. W. Rep. 24; City of Dallas v. Maxwell (Tex. Civ. App.), 231 S. W. Rep. 429; White on Negligence of Municipal Corporations, 446; 7 McQuillan on Municipal Corporations (2nd Ed.), 200.

Whether a place in or near a street where an injury occurred required a guard or barrier for the protection of travelers, and whether a municipal corporation was guilty of negligence in not constructing such a barrier are ordinarily questions for a jury in an action against the municipality for an injury resulting from a defect in a street, and negligent ignorance on the part of the municipality may warrant a finding of willful neglect. Hazard v. City of Council Bluffs, 87 Iowa 51, 53 N. W. Rep. 1083; Hyatt v. Roundout, 44 Barb. 385; City of Rockford v. Russell, 9 Ill. App. 229; Town of New Castle v. Grubbs, 171 Ind. 482, 86 N. E. Rep. 757; City of Wyandotte v. Gibson, 25 Kan. 236; Fugate v. City of Somerset, 97 Ky. 48, 29 S. W. Rep. 970; Scannal v. City of Cambridge, 163 Mass. 91, 39 N. E. Rep. 790; Malloy v. Township of Walker, 77 Mich. 448, 43 N. W. Rep. 1012; 6 L. R. A. 695; Pettengill v. City of

Yonkers, 39 Hun. (N. Y.) 449; Sheel v. City of Appleton, 49 Wis. 125, 5 N. W. Rep. 27; City of Boulder v. Niles, 9 Colo. 415; 12 Pac. Rep. 632; Harrell v. City of Macon, 1 Ga. App. 413, 58 S. E. Rep. 124; Enright v. City of Atlanta, 78 Ga. 288; City of Decatur v. Besten, 169 Ill. 340, 48 N. E. Rep. 186.

This Court has upheld a recovery of damages for an injury suffered by reason of the negligent act of a city in permitting an unguarded ditch, gully or chasm to exist at the end of a street so as to render it a dangerous nuisance for the entrapment of the unwary, where the plaintiff claiming damages was able to establish that he acted with common and ordinary care in the premises. City of Tallahassee v. Fortune, 3 Fla. 19.

In the present case it was shown by evidence sufficient to go to the jury that the hole complained of was actually in the street in what was at one time a paved portion of the thoroughfare, and that it was in such position with relation to a slant or inclined surface that as a natural and proximate result of one's falling into the hole in the street would precipitate him down the adjacent incline and thence over the precipice beneath to a deadly fall of some eighteen feet, and that the visual appearance of the hole was not such as to cause one to readily discern the danger which lurked there as a result of its having become overgrown with grass of a height level with the paved surface of Himount Road.

A deceased person is presumed to have acted with common and ordinary care for his own safety until the contrary is made to appear, or is deducible from the obvious appearance of things as he must have seen them had he acted with common and ordinary care to avoid a perceivable danger.

Viewing the situation as the evidence pictured it to the trial judge and jury, it cannot be said that the plaintiff's

allegations of negligence failed of proof, or that the contributory negligence of the deceased girl was established as a matter of law. Therefore, the controversy was one as to which the verdict of the jury must be accepted as conclusive of the city's negligence in the premises and of the absence of contributory negligence on the part of deceased. No complaint is made as to the amount allowed for damages and the charges of the court appear to have fairly presented all the law of the case to the jury.

It follows that the assignments of error are not well taken and that the judgment for the plaintiff below should be affirmed, and it is so ordered.

Affirmed.

WHITFIELD, TERRELL and BUFORD, J. J., concur.