**Noel MASSIE, Appellant,**

v.

**Forrest SALMON and Golda Salmon, Appellees.**

**Mayme MASSIE, Appellant,**

v.

**Forrest SALMON and Golda Salmon, Appellees.**

Court of Appeals of Kentucky.

March 25, 1955.

Otto C. Martin, Hartford, Claude E. Smith, Owensboro, for appellant.

Woodward, Bartlett & McCarroll, Owensboro, for appellee.

CLAY, Commissioner.

The plaintiff appellants suffered personal injuries and property damage when the

automobile in which they were riding collided with a calf on a highway at night. Their separate suits were based on the claim that the defendants permitted cattle to run at large in violation of the stock law, KRS 259.210. The jury found that the occurrence was an unavoidable accident and denied recovery on the plaintiffs' claims and on the defendants' counterclaim for loss of the calf.

On this appeal plaintiffs first contend the trial court erred in consolidating for trial the action of the plaintiff who owned and operated the automobile and the action of his wife who was a passenger. The complaint in this connection is that while the defense of contributory negligence could be asserted against the driver, it was not imputable to the passenger and the jury might well be confused with respect to this phase of the case. CR 42.01 authorizes the consolidation of actions for trial, and prior to the adoption of the Rule the inherent power of the court to so order had been recognized. Clay, CR 42.01, Comment 1.

Whether or not actions involving a common question of law or fact should be heard together is a matter for the discretion of the trial court. Benge's Adm'r v. Fouts, 163 Ky. 796, 174 S.W. 510; Sheetinger v. Dawson, 236 Ky. 571, 33 S.W. 2d 609. Those like the instant one, involving principally the issue of negligence, should properly be tried together to advance the convenience of the court and the parties and to avoid unnecessary expense or delay. See Greer v. Richards' Adm'r, 273 Ky. 91, 115 S.W.2d 568. In that case it was pointed out that because the issue of contributory negligence may not be applicable to one of the parties is not a sufficient reason for denying consolidation. We do not believe the action of the court prejudiced the objecting plaintiff or resulted in undue advantage to the defendants. Certainly we cannot find an abuse of discretion upon the part of the trial court.

Plaintiffs next contend the trial court erred in ruling incompetent the testimony of two witnesses with respect to the past actions of the defendants in permitting other cattle to run at large. An attempt was made to prove that several months before this accident the defendants had permitted a bull calf to escape and roam at large for some time. The trial court would not permit the introduction of this evidence on the ground that it did not pertain to the same animal involved in this accident. We think this ruling was correct on the ground of irrelevancy. The general rule is thus stated in 20 Am.Jur., Evidence, Section 302:.

"The fundamental principle is that evidence must be relevant to the facts in issue in the case on trial and tend to prove or disprove such facts; evidence as to collateral facts is not admissible. Accordingly, as a general rule, evidence of other acts, even of a similar nature, of the party whose own act or conduct or that of his agents and employees is in question, of other similar transactions with which he has been connected, of a former course of dealing, of his conduct or that of his agents and employees on other occasions, or of his particular conduct upon a given occasion is not competent to prove the commission of a particular act charged against him, unless the acts are connected in some special way, indicating a relevancy beyond mere similarity in certain particulars. This rule obviously excludes evidence of all collateral facts or of those which are incapable of affording any reasonable presumption or inference as to the principal fact or matter in dispute."

The isolated incident of the escape of another animal from an undisclosed enclosure a long time prior to this accident had no relevancy to the issues presented.

It is next contended the court erred in permitting the defendants on cross-examination to question the injured plaintiff concerning an automobile accident in which she had been involved a year before the event in controversy. The purpose of this

examination was to show that she had theretofore suffered the injuries about which she complains in this lawsuit. We think these questions competent.

 The next contention is that the court improperly refused to submit separate instructions covering the two different claims of the plaintiffs. This is a matter resting in the discretion of the court, and our examination of the instructions convinces us they presented fairly to the jury the issues in the case in the form they were given.

 Plaintiffs next complain that their offered instructions concerning the duties of the defendants were rejected. With respect to the real issues presented, it appears the instructions given were substantially the same as those offered.

Plaintiffs next contend the instructions given by the court were erroneous in that by implication they imputed the negligence of the plaintiff driver to the plaintiff passenger. We have read these instructions carefully and this objection is not well founded.

 Plaintiffs also object to an instruction which imposed the duty on the plaintiff driver to keep a lookout and to operate his automobile in a careful manner so as to avoid colliding with other vehicles or animals on the highway. Plaintiffs contend that these duties are limited to pedestrians, vehicles and other traffic rightfully on the highway and do not apply to animals. This novel contention is obviously unsound.

 Plaintiffs complain that the instructions presented false issues with respect to the duties of plaintiff driver. It is their contention that the driver had no duty except to avoid hitting the calf after he observed it. However, the fact that the calf was struck by the automobile and the circumstances of the collision created an issue as to whether or not the plaintiff driver was exercising due care. His duties were properly submitted.

 Plaintiffs contend the court improperly instructed the jury that if the defendants exercised due care to restrain the calf, and if it was at large without any fault of theirs, and if they promptly pursued it, then the jury should find for the defendants. This instruction was more favorable to plaintiffs than Instruction B offered by them and certainly submitted the fundamental issue in the case.

 The final contention is that the court should not have instructed the jury with respect to unavoidable accident. Since the intervening act of this animal could have been the sole cause of the accident, it was appropriate for the court to recognize and inform the jury of the legal effect of such a finding.

The judgments are affirmed.