PER CURIAM.
The City of Miami appeals from a judgment recovered by Sally Wolff for injuries received when she fell on a public sidewalk in the City of Miami.
Among the appellant’s assignments of error was the alleged failure of the a]> pellee to prove that the sidewalk was not *271 reasonably safe for pedestrian travel. This assignment is argued in the appellant’s brief upon the premise that the evidence failed to support a finding that the appellant was guilty of negligence and therefore, a verdict should have been directed by the court in favor of the appellant. We conclude that this contention has merit.
In reaching this conclusion, we are fully aware that an appellate court is and should be reluctant to set aside a judgment based upon a jury verdict, for to do so would be, in effect, having an appellate court sit in the place and stead of a jury and try the case de novo. We have been most cautious in the past and our deviation at this time is dictated by a total absence in the record of any evidence to support a necessary element required to be proved by the appellee before a recovery could be had.
 From the exhibits submitted and the testimony adduced below, it appears that the defect complained of consists of an uneven section of sidewalk caused by an unprofessional job of concrete finishing. There are no holes or cracks in which pedestrians could catch their heels such as existed in Schutzer v. City of Miami, Fla.App.1958, 105 So.2d 492. Cf. City of Key West v. Baldwin, 69 Fla. 136, 67 So. 808; Town of Palm Beach v. Hovey, 115 Fla. 644, 155 So. 808; City of Clearwater v. Gautier, 119 Fla. 476, 161 So. 433; City of Daytona Beach v. Humphreys, Fla.1951, 53 So.2d 871; Mullis v. City of Miami, Fla.1952, 60 So.2d 174. Although the section of sidewalk could be considered substandard, the evidence presented falls short of establishing that it was not reasonably safe for pedestrian use. 19 McQuillin, Municipal Corporations, 3rd Ed. § 54.80, p. 270, n. 97; 63 C.J.S. Municipal Corporations, § 807b (2) (3). It is not every defect in a public sidewalk that should or could be made the basis of municipal liability. The duty of the city is to provide a sidewalk reasonably safe for the pedestrian traffic that might be directed upon it. If there were conflicting testimony as to the condition of the sidewalk or if the undisputed facts would be susceptible of different reasonable inferences, then the case should have gone to the jury. Such was not the case here. If the city is to be held liable under the facts in this case, then every slight depression that might exist in a street or sidewalk could result in a multiplicity of law suits and harassment to efficient municipal operations.
Accordingly, it is our view that the judgment appealed should be reversed with directions to enter judgment in accordance with the appellant’s motion for directed verdict.
Reversed with directions.
HORTON, Acting Chief Judge, and PEARSON, J., concur.
DREW, E. HARRIS, Associate Judge, concurs specially.