PEARSON, Judge.
The City of Miami appeals from a final judgment recovered by Regina Eich-ardt, as plaintiff, in an action against the city for personal injury. The complaint alleged that the injuries were sustained when Mrs. Eichardt tripped over the edge of a raised section of sidewalk. At the trial of the cause the jury returned a verdict for the plaintiff. The city urges that the trial judge should have directed a verdict for the city because the evidence demonstrated that the defect, alleged to have caused Mrs. Eichardt’s fall, as a matter of law, was not a dangerous condition. It is also urged that if the condition were dangerous to users of the public sidewalk, then, it was such an obvious condition that the plaintiff in this cause must have been guilty of contributory negligence as a matter of law for not having seen the protruding edge of the raised portion of the sidewalk. We hold that the question of the existence of a dangerous condition and the question of contributory negligence were properly submitted to the jury.
For the support of its contention that the evidence did not establish a dangerous condition, the city relied largely upon the opinion of this court in the case of the City of Miami v. Wolff, Fla.App.1959, 112 So.2d 270, 271. It is true in that case we held a condition consisting of, “an uneven section of sidewalk caused by an unprofessional job of concrete finishing”, as a matter of law, did not constitute a dangerous condition. The opinion went further to point out that the defect complained of, showed no holes or cracks in which pedestrians could catch their heels. The testimony and evidence in the instant case does not come within the scope of the holding in the Wolff case, in that the edge of the raised portion of the sidewalk protruded an inch and a quarter to an inch and three-eighths above the normal level of the sidewalk. The determination by the jury that such a defect constituted a dangerous condition or that the sidewalk was not reasonably safe for pedestrian use has a reasonable basis under the circumstances of this case and therefor the jury verdict is binding upon this court. As in City of Miami v. Wolff, supra, a situation may exist where the kind of defect complained of is such that it must be said as a matter of law that it does not constitute a dangerous condition. Conversely, there may be a defect so serious that as a matter of law it must be considered a dangerous condition. In the wide area between these two extremes the issue of whether a dangerous condition exists is a matter of fact to be determined by the jury.
It has often been held that ordinarily the question of contributory negligence is an issue to be decided by the jury.[1] There are conditions under which a pedestrian’s failure to observe an open and ob *455 vious obstruction will constitute contributory negligence as a matter of law.[2] In the instant case, the raised portion of the sidewalk was not so obvious. The court properly determined that the instant case was one where the jury should determine the issue.
Affirmed.
HORTON, C. J., and CARROLL, CHAS., J., concur.

. Deane v. Johnston, Fla.1958, 104 So.2d 3, 65 A.L.R.2d 957; Palov v. Florida Power & Light Co., Fla.App.1958, 107 So.2d 780; Saunders v. Kaplan, Fla.App. 1958, 101 So.2d 181.

. Jacobs v. Claughton, Fla.App.1957, 97 So.2d 53; cf. Sunday v. Ikinson, Fla.App.1958, 103 So.2d 669