Linda DOWELL, Individually, and William L. Dowell, Individually and as Administrator of the Estate of Thomas Knox Dowell, Age Five, Deceased, Appellants,

v.

Leroy BIVINS and Ann Bivins, Appellees.

Court of Appeals of Kentucky.

Aug. 31, 1979.

John D. Miller, Miller, Taylor, Burlew & Meyer, Owensboro, for appellants.

John H. Helmers, Sandidge, Holbrook & Craig, P.S.C., Owensboro, for appellees.

Before COOPER, HOWERTON and REYNOLDS, JJ.

REYNOLDS, Judge.

A Daviess Circuit Court jury returned a verdict for appellee-driver of motor vehicle that had struck and killed a five-year-old infant child upon a public highway, and appellants-parents and administrator appeal from the adverse judgment.

On the early afternoon of January 4, 1975, appellee, Leroy Bivins, was operating his automobile eastwardly upon Highway 405 in Daviess County near the Wright's Landing Road intersection. Mr. Bivins had just met and passed a westbound vehicle when the infant, accompanied by his two dogs, attempted to cross from the north side of the road to the south side and was struck and fatally injured.

The appellants maintain:

1. The trial court erred in admitting evidence that the child was neither closely supervised nor prone to stay near his home, and that he had played in the road or thereabouts on numerous occasions prior to the day of the accident.

2. The trial court erred in instructing the jury.

The parents, being the plaintiffs and administrator below, testified in chief that their child always played close to home and that he never played alongside the highway or in the bean and corn fields in the area. The defense introduced testimony of several witnesses as to past occasions when the child had been seen on or around the public road, on which he was killed, without adult supervision, and the trial court permitted this testimony, without admonition, for the purposes of rebuttal evidence. Such testimony was to the effect that the child was often seen without adult supervision playing alongside the road and that he had been questioned about his activities and physically removed from the center of the road on past occasions by these witnesses. One witness, a contractor, stated that he had cautioned his drivers to watch for the child at the point on the road where he was later killed.

Appellants argue that this testimony as to past occasions when the child had been seen around the road without adult supervision is inadmissible habit evidence, that it has no probative value upon any issue in the case and that it is more prejudicial than probative. Appellants maintain that even if the evidence is admissible it would be admissible only to impeach their testimony that the child was always around their home, and that the jury should have been admonished to consider such evidence only for impeachment purposes and not as substantive evidence of any negligence on their part.

■ Evidence of occurrences similar to the ones involved in this litigation is often sought to be introduced for one reason or another. Clearly, evidence of prior negligent acts, when offered solely to prove negligence on a particular occasion, is inadmissible since it has little or no probative worth and constitutes great potential for confusion of the issues. See *Louisville & N. R. Co. v. Taylor's Adm'r*, 104 S.W. 776, 31 Ky.L.Rep. 1142 (1907); and *Kentucky-West Virginia Gas Co. v. Slone*, Ky., 238 S.W.2d 476 (1951). Appellants cite *Massie v. Salmon*, Ky., 277 S.W.2d 49 (1955), in support of their contention that the evidence in this case of the child's propensity to leave home and play in dangerous areas was inadmissible. We believe *Massie, supra*, is distinguishable. In *Massie* an attempt was made to prove that several months before the plaintiff's car collided with a calf owned by the defendants that the defendants had permitted a bull calf to escape and run at large for some time. The trial court correctly prohibited the introduction of this evidence on the ground that it did not involve the same animal and that the prior escape of the bull calf was irrelevant. Clearly, the isolated incident of the escape of another animal from an undisclosed enclosure a long time prior to the accident had no relevancy to the issues presented. *Yates v. City of Covington*, 119 Ky. 228, 83 S.W. 592 (1904), permitted testimony that was characterized in some special way that indicated a relevancy beyond the mere similarity of certain particulars.

■ Parents in the immediate control of a child of tender years have a duty to watch over such child and to guard it from danger, and while they are not required to do the impossible in caring for their child, "they are bound to provide such reasonable care and protection as an ordinarily prudent person, solicitous for the welfare of his child, would deem necessary." 59 Am.

Jur.2d *Parent & Child* § 14 at 97. This parental obligation includes the duty to exercise such care and supervision over an infant as to reasonably prevent him from getting out on a highway. *Burch v. Byrd*, Ky., 246 S.W.2d 595 (1952).

The mere fact that a child of tender age has been killed, while at large and unattended on a public highway, does not necessarily impute contributory negligence to his parents as a matter of law, rather it is only prima facie evidence of negligence on their part, subject to explanation. *United Fuel Gas Co. v. Friend's Adm'x*, Ky., 270 S.W.2d 946 (1954). Thomas Dowell was of such tender years as to be incapable of contributory negligence, and any negligence in his being upon the highway must be regarded as the negligence of his parents for failing to exercise that degree of care which an ordinarily prudent person would have exercised under like circumstances. *Brown McClain Transfer Co. v. Major's Adm'r*, 251 Ky. 741, 65 S.W.2d 992 (1933). Similar Kentucky cases have made reference to prior acts on the part of a parent or a child that either did or did not indicate that parent's previous knowledge as to his child's practices or activities. See *United Fuel Gas Co., supra*, and *Burch, supra*. *Reber v. Hansen*, 260 Wis. 632, 51 N.W.2d 505 (Wis.1952), held evidence similar to that introduced in this case to be both relevant and competent.

We determine, from the record, that the parents testified upon direct examination that their child was closely supervised and not prone to wander. Under these circumstances, therefore, the trial court properly admitted defense testimony to counteract and disprove the parents' testimony, and as such, it was properly characterized as rebuttal evidence. *See Houser v. Coursey*, 310 Ky. 624, 221 S.W.2d 432 (1949).

Appellants' second contention of error relates to the court's instructions in that they failed to inform the jury that this child was so young that he was incapable of contributory negligence, and they failed to inform the jury of the duties of a motorist in relation to such a child. The court's instructions were as follows:

*Instruction No. I* —It was the duty of Leroy Bivins in driving his automobile to exercise ordinary care for the safety of other persons on the highway, and this general duty included the following specific duties:

(a) To keep a lookout ahead for persons in front of him or so close to his intended line of travel as to be in danger of collision;

(b) To have his automobile under reasonable control;

(c) To drive at a speed not greater than was reasonable and prudent, with regard for the traffic and for the condition and use of the highway and not exceed 55 miles per hour; AND

(d) To exercise ordinary care to avoid collision with other persons using the highway including the deceased Thomas Knox Dowell.

If you are satisfied from evidence that the defendant Mr. Bivins failed to comply with anyone or more of these duties and that such failure was a substantial factor in causing the accident, you will find for the Plaintiffs; otherwise you will find for the Defendants.

*Instruction No. II* —It was the duty of Linda Dowell and William L. Dowell, Plaintiffs herein and parents of the deceased child, to exercise ordinary care for his safety and protection. Although you might otherwise find for the Estate of the deceased child, if you are further satisfied from the evidence that Linda Dowell and William L. Dowell failed to comply with that duty and that such failure on their part was a substantial factor in causing the accident, you will find for the defendants, Leroy and Ann Bivins.

These standard instructions properly apprised the jury of the parties' respective duties which should enter into the jury's determination of whether or not the driver exercised reasonable care in the operation of his automobile and whether or not appellants exercised ordinary care for their child's safety and protection. The instruc-

tions also followed the better practice of not referring to the age of the pedestrian child or to his sudden appearance. *See* 2 J. Palmore *Kentucky Instructions to Juries* § 1609 (1977); and *Liberty National Bank & Trust Co. v. Raines*, Ky., 416 S.W.2d 719 (1967). The child's tender age was vigorously stressed throughout the trial, and it was not necessary to overload the instructions with reference to each and every circumstance. *Farmer v. Pearl*, Ky., 415 S.W.2d 358 (1967).

The judgment is affirmed.

All concur.