SHAHOOD, J.
This is a premises liability/slip-and-fall case in which summary judgment was entered in favor of the defendant/appellee, Poinciana Place Condominium Association (“the condo association”). We reverse and remand for a trial on the merits.
The evidence before the trial judge at the hearing on the condo association’s motion for summary judgment was that on a Sunday afternoon at approximately 4:30 p.m., Joyce Thompson (“Thompson”), who was a caretaker/house cleaner for one of the unit owners, slipped and fell on what appeared to be liquid soap on the floor of the elevator. She had used the same elevator three times previously that day, the last time at approximately 12:30 p.m., and had not noticed the soap on the floor on those occasions. Her employer and the condo association president confirmed that there was a greasy substance on the floor. There was also testimony that thirty minutes prior to Thompson’s accident another resident had almost slipped on the same liquid in that elevator.
In a premises liability case, the plaintiff bears the burden of proving that the defendant was negligent. Winn Dixie Stores, Inc. v. Gaines, 542 So.2d 432 (Fla. 4th DCA 1989). To that end, the plaintiff must generally prove that the owner of the premises had actual or constructive notice of the dangerous condition. Schaap v. Publix Supermarkets, Inc., 579 So.2d 831, 834 (Fla. 1st DCA 1991). The landowner’s constructive notice of a dangerous condition may be inferred from either “1) the amount of time a substance has been on the floor, or 2) the fact that the condition occurred with such frequency that the owner should have known of its existence.” Id. at 834 (citation omitted).
The evidence in this case, together with all reasonable inferences, could support a finding that the condo association had constructive notice of the substance on the floor of the elevator. This, then, created a material question of fact as to whether the condo association had knowledge of the dangerous condition. See City of Miami v. Eichardt, 115 So.2d 453 (Fla. 3d DCA 1959)(question of existence of dangerous condition is one for the jury).
REVERSED AND REMANDED.
POLEN and KLEIN, JJ., concur.