THE CITY OF STILLWATER, *Payne County, O. T.* v. JACOB
SWISHER.

(Filed February 15, 1906.)

1. APPEAL—Verdict not Disturbed, When. Where a disputed question of fact, is submitted to a jury in the trial court, under proper instructions, the finding of the jury on such question of fact, and the judgment of the court thereon will not be disturbed by this court where the record shows the evidence reasonably tending to support such finding.

2. MUNICIPAL CORPORATIONS—Negligence—Streets and Sidewalks. A municipal corporation is bound by law to use reasonable and ordinary care and diligence to keep its street and sidewalks in a reasonably safe condition for public travel in the ordinary modes of traveling, and if it fails so to do, it is liable for injuries sustained by reason of such negligence, provided the party injured at the time of the injury, was exercising reasonable and ordinary care to avoid injury.

3. SAME—Traveler may Assume, What. A person traveling on a public street of a city which is in constant use by the public, while using the same with reasonable care and caution, has a right to presume that such street is in reasonably safe condition, and is reasonably safe for ordinary travel by night as well as by day throughout its entire width, and is free from all dangerous holes and obstructions.

4. SPECIAL FINDINGS OF FACT—Nature of. Where special findings of fact are asked by either party to be submitted to the jury, such facts must be material and pertinent to the matter in controversy, and the interrogatories necessarily included in the determination by the general verdict. The questions must be such as involve legal consequences, and have some controlling force in reaching a conclusion. They must be material and pertinent and relate to ultimate, rather than evidentiary facts.

(Syllabus by the Court.)

*Error from the District Court of Payne County; before Jno. H. Burford, Trial Judge.*

*J. W. Reece, City Attorney,* and *George P. Uhl,* for plaintiff in error.

*Lowry & Lowry,* for defendant in error.

### STATEMENT OF FACTS.

This is an action begun in the district court of Payne county, by the defendant in error, Jacob Swisher, against the city of Stillwater, plaintiff in error, in which the plaintiff alleges that the defendant is a city of the first class, located in Payne county, Oklahoma Territory. That while traveling upon one of the public strrets of said city, which was regularly platted, dedicated and used by the city as a street, the plaintiff while exercising reasonable care and caution, was injured and sustained damages in consequence of the dangerous and defective condition of said street, caused and permitted by the defendant city. The exact nature of the injuries, and the exact condition of said street and sidewalk is particularly set out in the petition of plaintiff, to which petition defendant filed an answer of general denial, and also alleging that if any injury or damage had been sustained by the plaintiff, it was in consequence of his own negligence. To this answer a reply was filed, and at the September term of said court the case was tried to a jury, under instructions of the court. The jury returned a verdict in favor of the plaintiff for $1200.00. Motion for new trial was made in due time, overruled by the court, and exceptions saved. The case is brought here for review.

Opinion of the court by

IRWIN, J.:   The first eight pages of the brief and argument of counsel for plaintiff in error are devoted to an extensive discussion of the evidence, in an attempt to show that the verdict of the jury was not authorized by the evidence, but we have examined the entire record in the case, and all of the evidence therein contained, and under the oft repeated and well recognized rule of this court, that findings of fact by a jury, or the trial court would not be disturbed by this court, where the evidence reasonably tends to support such finding, and as the evidence in this case, it seems to us, is clearly sufficient to support the finding of the jury, this portion of the brief and argument will not be considered by this court.

The second assignment of error is that the court committed error in refusing eleven special instructions asked by the city, each of which the city claims should have been given.   We have examined these eleven special instructions, and we think that the substance of all therein contained, and every principle of law therein enunciated was fully and completely covered by the general charge of the court, and hence the refusal of these instructions was not error.   In this assignment of error, it is also contended by plaintiff in error that the true rule of law in such case is:

"A municipal corporation is bound by law to use ordinary care and diligence to keep its streets and sidewalks in a reasonably safe condition for public use in the ordinary modes of traveling, and if it fails to do so, it is liable for injuries sustained by reason of such negligence, provided, however, that the party injured exercises ordinary care to avoid the injury."

Now we think that no one would seriously contend that this was not a correct statement of the law, and for the purpose of this opinion we are willing to concede that in this particular, the statement of counsel for plaintiff in error is absolutely correct, but counsel contend that the court gave to the jury a different rule of law in his general charge. We are unable to see how counsel could arrive at this conclusion if they have carefully read the instructions of the court. We think this is exactly the principle of law laid down by the court in his general charge, as a reference to the instructions will show. Instruction No. 3, of the general charge, is as follows:

"A municipal corporation is required to exercise ordinary care and diligence to keep its sidewalks in a reasonably safe condition for public use in the ordinary and usual modes of travel, and if it fails to do so, it is liable for injuries sustained by reason of such negligence, provided, however, that the party injured was in the exercise of ordinary care and caution at the time the injury occurred."

This instruction which was given to the jury as the law in the case, by the court, certainly does not violate the principle of law as contended for by counsel for plaintiff in error, but is a fair, clear, and correct statement of the law governing the case.

In the third assignment of error, it is contended by counsel, that:

"In the 11th of which instructions, the court in the forepart of the instruction seems to give about what we think is the law, but the plaintiff Swisher does not complain of his eyesight, says it was good; he seems to use glasses, but they were not even broken in that fall, but in the latter part of this instruction knocks it all over and places Swisher on a

level with persons of a good eyesight so as to actually contradict the forepart of the instruction, and thereby makes the instruction useless, and leaves the jury free to exercise their judgment and volition.  In this, we claim there was grave error."

But we think a reference to the eleventh instruction in the general charge of the court will show that this criticism is entirely unwarranted, and the strange part of it is, how any lawyer with these instructions before him, could make this comment, and expect it to be received with credence by any intelligent court.    The eleventh instruction reads as follows:

"It was the duty of the plaintiff while traveling on the sidewalk to exercise reasonable care and caution to avoid injury, and if he was old, infirm, and had poor eyesight, and the night was dark and the sidewalk not lighted, or poorly lighted, and he was unacquainted with the walk and its conditions, it was his duty to exercise a higher degree of care and caution commensurate with the increased risk or danger; and if he under all the circumstances did exercise such caution as an ordinary prudent person would usually exercise under similar circumstances, then he is not chargeable with any negligence, and if the city negligently permitted the stairway to extend into the sidewalk and render it dangerous under such conditions, then your verdict should be for the plaintiff."

Now it will be noticed that the latter part of these instructions which is complained of by counsel, is modified and governed all the way through by the expression used in the instruction, "if, he, under all the circumstances" then follows the language, "did exercise such caution as an ordinarily prudent person would usually  exercise under similar  circumstances, then he is not chargeable with any negligence."    And

this instruction, when submitted to the ordinary rules of construing language, and taken as a whole, certainly states the proposition of law correctly, is in no way misleading to the jury, and gives them no unwarranted license in the exercise of judgment or volition, and is not subject to the criticism put upon it by counsel for plaintiff in error.

It is next complained that the court erred in instruction No. 4, in that it placed a higher obligation on the city than is required by the law as cited above, and counsel say that as instruction No. 4 states to the jury that "it is the duty of the city of Stillwater to keep its sidewalks in a reasonably safe condition for ordinary and customary travel," that this is error. We think it requires no citation of authorities, and no discussion to demonstrate that counsel is clearly in error, and that this instruction clearly and correctly states the law.

It is next complained that in the fifth instruction the court announces an incorrect principle of law, and in their brief at page 11, counsel for plaintiff in error uses the following language:

"The court therein says, in substance, 'that a pedestrian, having no knowledge of the condition of a walk in the city, has a right to assume that the city has performed its duty and that the sidewalk is in reasonably safe condition. In other words, ignorance is bliss, and if he has no knowledge of conditions, he has a right to run helter skelter as he pleases, and if injury or loss results, the city must make good the damages. Can such a doctrine be the law? If it is, then it is in direct antagonism with every human impulse, action, and thought."

Now we are constrained to the belief that counsel in using this language, had more of a desire to indulge in reckless rhetoric, and rampant imagination, than to state the facts; that he has sacrificed sense for sound, and that he has

built up a man of straw for the sole and only purpose of show-ing his skill in knocking him down, as instruction number five is not at all subject to the criticism made, nor does it contain any language which any person of ordinary intelli-gence, using calm, deliberate, and unbiased judgment, could understand to mean any such thing as that stated in the brief of counsel for plaintiff in error.   To prove this, we will quote herein, instruction No. five, which is as follows:

"A pedestrian or traveler passing over and upon a side-walk, who has no notice of any defects in the walk, has a right to assume that the city has performed its duty, and that the sidewalk is in a reasonably safe condition for public travel, and if, while using the sidewalk for the usual and ordinary purposes, an injury results to a person so using the sidewalk, the question as to whether the city was at the time negligent, is one of fact to be determined by the jury. If the city failed to exercise ordinary care and diligence to keep its sidewalks reasonably safe for travel, then such fail-ure constitutes such negligence and renders the city liable to one sustaining injuries while properly using the walk. And the question of contributory negligence of the injured person is one of fact to be determined by the jury.   If the injured party was at the time of the accident exercising such care and caution as ordinarily prudent persons would exercise under similar circumstances, then no contributory negligence can be imputed to him. On the other hand, although the mu-nicipality may have been guilty of negligence, if at the time of receiving the injuries complained of the injured party was not in the exercise of ordinary prudence and caution, and by reason of his failure to exercise such prudence and caution he contributed to such accident, then he cannot recover; or, if he had notice or knew of the dangerous condition of the walk, and failed to exercise ordinary care and caution to avoid the injury, then such failure would constitute such negligence on his part as would prevent any recovery."

Now it will be observed by a reading of this instruction, that all the way through the court points out to the jury the necessity of the traveler on the street using and exercising care and diligence, and that unless he has exercised such care and diligence, or if he has been guilty of negligence on his part in the use of such street that he could not recover. The principle of law enunciated in that instruction is that where a public street in a city is in constant use by the public, and that a person using such street with reasonable care and caution, and without notice of any defect therein, or any circumstances to apprise him of danger, has a right to presume that the street is in reasonably safe repair, and reasonably safe for ordinary travel, in the usual and ordinary mode of travel, and that the city has performed its entire duty in regard thereto. That this is a correct principle of law, based upon the evidence in this case, we do not think can be successfully gainsaid.

In the fifth assignment of error, counsel complain of the 6th instruction given by the court in his general charge, and on page 12 of their brief in reference to this instruction, they use this extraordinary language:

"The 6th instruction apparently attempts to whitewash the dark spots in the 5th instruction. To place this in an extravagant view, it is like killing a man, and then plead in excuse to the murder, that you are sorry of it. We contend that courts are not mere automatons, but that they have a knowledge of public and general sentiments and prejudices, and no one can live in this country one month and be free from restraint and mingle with the public, but must know that the sentiment of the public and its prejudices is against cities and all other corporations; aside of this, a citizen of the city is an incompetent juror, thus throwing the matter entirely into the country population where the entire preju-

dice is against the cities. Now under such circumstances, to throw a bait, as contained in the 5th instruction, out to a jury, and then attempt to modify it by a little whitewash, in the 6th instruction, is like throwing a ton of poison into a pool of water, and attempt to counteract its effect by a half ounce of antidote."

Here, again, we think the writer of this brief must have given free rein to his disordered imagination, as this would seem more like the unwarranted utterances and irresponsible spouting of a stock orator for an anarchist association, or a socialist convention, than the sober, careful, and candid argument that we would have a right to expect in a brief addressed to this court. We are unable to say, in examining this brief, whether it is the result of malice, or want of information on the subject, but whatever may be the cause, it certainly is far from being germane to the subject, or having anything to do with the argument of the case. A reading of the 6th instruction will show how radically wrong and infinitely foolish is the comment. The sixth instruction is as follows:

"In determining whether the plaintiff at the time of the accident was exercising such care as a reasonable, prudent person would exercise under similar circumstances, you may take into consideration his age, the condition of his eyesight, the time of night, the extent of the darkness, whether there was any lights on the streets or sidewalks or in the buildings which lighted the place where the accident occurred, if there was any light, the character and extent of the light; the condition of the walk, the state of the walk as to obstructions or guards along the north side of the bank building, and any and every circumstance in evidence which would in any degree influence the action of a reasonably cautious person under usual and ordinary circumstances of a reasonably similar character."

The slightest and most casual examination of this instruction will show that the court was extremely cautious in directing the attention of the jury to every material element, and every significant fact and circumstance necessary to be considered in determining the question of negligence or lack of negligence on the part of the plaintiff at the time of the injury, and this instruction is certainly as fair, full, and as complete a statement of the law as the defendant could ask for, and it seems to us was drawn and given to the jury for the express purpose of protecting all the rights of the defendant in the premises.

In the seventh paragraph of plaintiff in error's brief, counsel for plaintiff in error complain of instruction No. 9, and particularly complain of the closing part of the instruction, and quote from the instruction, as follows:

"And unless he has something presented to his notice to suggest an inquiry as to the safety of such sidewalks, he is not required to look for defects or dangerous places in the walk, but may rely upon the assumption that the city authorities have performed their duty, and that the sidewalk is safe for travel" and then draws a comparison between that and the language used by this court in the case of *Town of Noman v. Teel,* 12 Okla. 69; but we fail to see where the language of this instruction in any way conflicts with the doctrine laid down in that case, and we think it is entirely in consonance therewith. This instruction simply lays down the rule which is undoubtedly a correct one, that every person traveling a public street in a city, in the ordinary and usual mode of travel has the right to presume, and act upon the presumption that the city has performed its legal duty so far as keeping its streets in reasonably safe repair.

Counsel for plaintiff in error cite in support of their contention the case of *Wallis v. Westport,* 82 Mo. App. 526.

In that case the circuit court in giving the instructions for the plaintiff, declared it to be "the duty of the defendant to keep its sidewalks in repair, and that the plaintiff had a right to presume this duty had been done and that the sidewalk was in safe condition for the use of the public, and was safe for any person passing on the same, using ordinary care. This was an incorrect expression of the law." And it is upon this statement by the court of appeals that counsel for plaintiff in error hinge their entire argument, but their reading of this decision is like many people's way of reading the Bible. They begin in the middle, and stop too quickly. If he had read further in the opinion, he would have seen that it had no application to this case, because the court, in the very next sentence, uses this language; "It was not the duty of the city to keep its sidewalks in an absolutely safe condition. It was only required to keep them in a reasonably safe condition. This instruction omits that qualification, and in that it was wrong."

It will be seen that what the court of appeals of Missouri said was, that as the circuit court had omitted from the instruction the word "reasonable" and said that it was the duty of the defendant to keep its sidewalks in repair, without qualifying it by the word "reasonable" that that was error A reference to this instruction will show that its language is "has a right to assume that the sidewalks are reasonably safe for travel," thereby removing the only defect found by the Missouri court of appeals in the instruction given by the Missouri circuit court.

In the eighth paragraph of counsel for plaintiff in error's brief, he says that it is difficult to say just what is meant by the 10th instruction, and professes to be ignorant of what the court meant by that instruction, but we will not, after

the apparent lack of understanding and misconstruction that he has placed upon previous instructions, commented on in his brief, undertake the gigantic task of explaining to him what an instruction which is in plain and unequivocal English, means. Suffice it to say, that this 10th instruction is a plain, explicit statement of the law, and is not subject to the criticism made. The instruction is as follows, to wit:

"If the plaintiff was going west on the sidewalk for the purpose of getting to a place where he could urinate without being observed by passers by, and when he reached the rear of the bank building, he voluntarily turned the corner to go into the back yard and stepped off the walk into the cellar way, then you must determine whether or not he was exercising such care and diligence as persons of ordinary prudence usually exercise under similar circumstances. If he was, then he is chargeable with no negligence, and if the city was guilty of negligence in permitting this stairway and entrance to remain unguarded, then your verdict should be in his favor."

The only remaining objection urged by counsel for plaintiff in error to the ruling of the court, is the refusal to give special interrogatories, or certain special findings, asked for by the defendant, numbered 1, 2, 3, 4, 5, and 11. We take the true rule of law in reference to special findings to be, that where special findings are asked for, they must be findings of fact which are material and pertinent to the matter in controversy, and the interrogatories must ask a response to some particular fact, and not embrace a series of facts which are necessarily included in a determination by the general verdict. That is, the questions must be such as involve legal consequences, and have some controlling force in reaching a conclusion, and must be such as are material and pertinent, and in general, relate to ultimate, rather than evidentiary, facts. The first special finding asked for, was as

follows: "Was the sidewalk over which the plaintiff was walking at the time and place of the injury in a reasonably safe condition for customary public travel, under all the circumstances attending the particular time and place, notwithstanding the cellarway and cellar steps." One objection to this special finding is, that it includes in the latter part an element which is unnecessary, and not germane to the ultimate decision of the case. If the interrogatory had simply been as to the question of the reasonably safe condition of the walk at the time and place of the accident, it would have been proper, and would no doubt have been given by the court, but with that, is coupled a condition. They ask what was the condition of the walk, as to being reasonably safe, notwithstanding the cellarway and cellar steps. Thereby they involve two interrogatories as to two distinct elements in the case. That is, the general condition of the sidewalk as to being reasonably safe, and the condition of the cellarway and the cellar steps. The general rule is that a special interrogatory is confined to a particular fact involved in the case, and should not involve a series of facts in one interrogatory. However this may be, it is immaterial in our judgment whether this was a correct or incorrect special finding, because if any error existed by virtue of this being refused, it is cured by the 8th special interrogatory asked for by the defendant and given by the court. The 8th interrogatory is as follows:

"If you find that said sidewalk at the time and place of injury was in an unsafe condition, state what it was that caused it to be unsafe, and what the defect was."

Now all that special interrogatory number one contains, in so much as is material or necessary to decide any

issue in the case, or throw any light on the general verdict, is embodied in interrogatory number eight asked by the defendant, and given by the court, and answered by the jury.

Interrogatory number two, asked for by the defendant, and refused by the court is as follows:

"Was the sidewalk on the south side of Eight Avenue at time and place of injury, in such a condition that a person exercising the ordinary care, caution and diligence of a reasonably prudent person might safely walk along."

. This was refused because it was not limited to what would be the usual or ordinary result, but places the finding of the jury upon what might possibly happen. Now, however dangerous a sidewalk might be, it is within the range of possibilities that a person might pass along the sidewalk and avoid the injury. That is, not the question to be decided in this case. The question is, was the particular injury at the time and place mentioned in the petition, due to the unsafe condition of the sidewalk? But this special finding deals with possibilities, and not probabilities.

The third and fourth special findings we think were fully covered by the special findings given by the court in lieu thereof.

Complaint is also made of the refusal of the court to give the eleventh finding of fact asked for by the defendant, which is as follows:

"When plaintiff went west on the sidewalk, on south side of Eighth Avenue, was it his purpose to leave the sidewalk and go into the alley?"

This was properly refused, because it was entirely and wholly immaterial to the case whether it was, or was not,

or what his purpose was. If he was using the sidewalk with reasonable care and caution, and was injured, it is immaterial what his secret purpose may have been in going on or along that sidewalk, or what his intentions were.

To that portion of the brief of plaintiff in error which indulges in reckless comment upon the habit and growing tendency of the courts and juries to unjustly mulch corporations in damages, and the fixing of cases by lawyers, and what he terms the reckless disregard of truth on the part of those claiming to be injured where he enjoins upon the courts the necessity of checking the tendency to oppress and persecute weak, innocent and unoffending corporations, and to protect such infant industries as great railroad corporations, and corporate cities, and as to the powerful influence of individuals as against corporations, we have no comment to make, but would simply say to him that if such is the case, he should address his argument to the legislature, or the people, and remedy any such evil, if any such exists. It is sufficient for us to determine what the correct principles of law are in each particular case, and whether they have been correctly applied, and not to inquire into the truthfulness of twelve citizens in the jury box, except in so far as it may be made apparent by the record in the case. We think that the rights of all parties, private or corporate, may be safely trusted to the hands of twelve unprejudiced jurors, under the instructions of the court.

Having examined the entire record, and finding no error therein, the judgment of the lower court is affirmed, at the costs of plaintiff in error.

Burford, C. J., who presided in the court below, not sitting; all the other Justices concurring.