# Lipscomb *v.* City of Bessemer.

### *Damages For Defect in Street.*

(Decided May 24, 1909. 49 South. 872.)

1. *Municipal Corporations; Defective Ways; Injury.*—Although a certain alleyway may have been dedicated to the public, and although it appears on the map of the city, if the same has never been used by the public as an alley or highway, the city is not liable for injuries alleged to have resulted from defective condition of the premises on which the alleway was situated.

2. *Appeal and Error; Harmless Error.*—Where, under the facts in the case, plaintiff was not entitled to recover in any event, erroneous rulings on demurrer to a plea of contributory negligence are harmless.

APPEAL from Bessemer City Court.

Heard before Hon. WILLIAM JACKSON.

[Lipscomb v. City of Bessemer.]

Action for personal injuries by M. A. Lipscomb against the City of Bessemer. From a judgment for defendant, plaintiff appeals. Affirmed.

The case made by the complaint is that during the year 1900 the defendant cut down and graded the sidewalk on Sixteenth street in said city, where the same is crossed by an alleyway running between Dartmouth and Clarendon avenues in said city, leaving the approach to the alleyway a perpendicular embankment about five feet high; that the alleyway adjoined the lot on which plaintiff lived and resided, and that one night, while in said alleyway where the same adjoins said lot and said Sixteenth street, she fell from the embankment onto the sidewalk and sustained numerous bruises; and that her injuries were proximately caused by the negligence of the defendant in leaving said perpendicular embankment in the alleyway. The second count is for willful, wanton, or intentional injury, based on the wanton, willful, and intentional acts of the servants of the city in leaving and permitting the embankment to be as it was. The third count sets up that the embankment was a nuisance to the public and to the plaintiff. The facts sufficiently appear in the opinion.

PINKNEY SCOTT, for appellant.—The court erred in overruling demurrer to the plea of contributory negligence.—*Osborne v. A. S. & W. Co.,* 135 Ala. 575; *T. C. I. & R. R. Co. v. Herndon,* 100 Ala. 455; *L. & N. v. Markee,* 103 Ala. 160. The plea was not good as to count 1. —*S. & N. v. McLemdon,* 63 Ala. 72. The court erred in the charges given.—*City of Bessemer v. Carroll,* 45 South. 419.

BEN G. PERRY, for appellee.—The appellant was not entitled to recover in any event, and any errors that might have intervened were harmless.—*City of Besse-*

*mer v. Carroll,* 45 South. 419. Acts 1900-01, p. 472, sec. 29; 15 A. & E. Ency of Law, 426.

ANDERSON, J.—It may be that the alley in question was on the map of the city, and that it was dedicated and intended as a public alley; but there is no proof whatever that it has ever been used or treated as a public highway.  On the other hand, the proof shows that, previous to the excavation or cutting down of Sixteenth street, the plaintiff's husband cultivated the alley, and that he had a gate across it when the cutting was done, which was several years before the injury complained of in the present suit; nor is there any proof that it has been since used as a highway, or that the defendant has maintained a cut at the intersection of the highway with the street.  Its agents could not have been conscious, either when the improvement was made or since, that such an embankment and cut were dangerous to the traveling public; nor do we think that the defendant's servants have been guilty of simple negligence in making and maintaining the improvements at this particular point, or that the condition of the street will render it a nuisance as set up in the third count of the complaint.

The trial court did not err in giving the general charge requested by the defendant, nor was any reversible error committed in the ruling upon the evidence.  Since the plaintiff did not show a case of negligent liability, the ruling upon the demurrer to plea 5, of contributory negligence, whether correct or not, was without injury to the plaintiff.

The judgment of the city court is affirmed.
Affirmed.

DOWDELL, C. J., and McCLELLAN and SAYRE, JJ., concur.