## TOWN OF QUAPAW v. HOLDEN.

No. 13022—Opinion Filed Jan. 15, 1924.

(Syllabus.)

1. **Trial — Requested Instructions — Accuracy.**

In order to entitle a party to insist that a requested instruction be given to the jury, such instruction must be correct both in form and substance, and such that the court might give to the jury without modification or omission, and if the instruction is erroneous in any respect, its refusal is not error.

2. **Municipal Corporations—Duty to Keep Unused Alley in Safe Condition.**

Though an alley on certain premises may have been dedicated, and the alley appears on the map of the city, the city is not subjected to the duty of keeping the same in a safe condition as an alley, where the same has never been used by the public as an alley or highway.

3. **Negligence — Contributory Negligence — Instructions.**

While it is well established by the decisions of this court that the trial court should not instruct the jury that if a certain state of facts is found to exist, such facts constitute contributory negligence and the plaintiff cannot recover, it is nevertheless the duty of the trial court to instruct the jury, upon a request being made, what duty the law imposes upon the plaintiff as well as the defendant, and that a breach of that duty is negligence.

4. **Municipal Corporations — Liability for Unsafe Public Ways.**

A municipal corporation is bound by law to use ordinary care and diligence to keep its streets and sidewalks in a reasonably safe condition for public use in the ordinary mode of traveling, and if it fails to do so, it is liable for injuries sustained by reason of such negligence, provided, however, that such party injured exercised ordinary care to avoid the injury.

5. **Same—Erroneous Instruction.**

An instruction reading: "The court instructs the jury that it is as much the duty of the city to keep the streets and alleys in the suburbs of the city in as safe condition for the use of travelers as those in the heart of the city; that while the authorities may have a discretion in the matter of elegance of pavements, or in the matter of pavements or no pavements, yet they have no discretion in the matter of safety; and it is an absolute duty to keep all the streets and alleys in the city in a reasonably safe condition for the use of travelers. whether in the body of the city or near its limits," is erroneous, as it imposes upon the municipality a greater duty than that required by the rule announced above.

Error from County Court. Ottawa County: Q. P. McGhee. Judge.

Action by Mrs. Mary Holden against the Town of Quapaw. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with instructions.

Wm. M. Thomas, for plaintiff in error.

Chas. R. Nesbitt, for defendant in error.

COCHRAN, J. Defendant in error brought this suit to recover damages against the town of Quapaw. Judgment was rendered for the defendant in error, from which the town of Quapaw has appealed.

The testimony of the plaintiff tended to show that she was going from her work to her home, and, in doing so, turned out of the main street and traveled diagonally across block 11, traveling along a path which was used across some vacant lots. The municipality had caused an excavation to be made in the alley which runs through block 11, for the purpose of making some repairs to the sewer system. and had left an open trench about three feet wide, nine feet long, and six feet deep. which was unguarded and the existence of which was not indicated by any character of sign or light. As the plaintiff came along the path to the point where the excavation had been made, she was unable to see the excavation on account of darkness and stepped into the same.

It is the contention of the defendant that, although the alley in which the excavation

was made had been dedicated to the city and was duly shown on the plat of the addition which had been recorded, the alley had never been opened by the city and was not used or maintained by the municipality as a highway, and the injury to the plaintiff was occasioned by the plaintiff gaining access to the alley across private property over which she was at the time trespassing. The defendant complains of the refusal of the trial court to give requested instruction No. 4, which was as follows:

"You are instructed that if you find from the evidence that the town of Quapaw had not opened the alley through block 11, where the excavation was located, to public travel by putting it in repair, or by inviting the public to travel it, then there can be no liability of defendant for injuries received by falling into said excavation."

The defendant contends that this instruction should have been given because there was evidence tending to show that the alley through block 11 had never been used by the public as an alley or highway. We are of the opinion that the requested instruction was properly refused, because it does not contain a correct statement of the law; however, the defendant was entitled, upon proper request, to have an instruction given to the jury covering this defense. The mere fact that an alley through block 11 may have been dedicated by the recording of the plat for the addition did not impose upon the town of Quapaw the duty to maintain the same as a highway of the municipality unless the alley was used as a public highway. In Lipscomb v. City of Bessemer (Ala.) 49 South. 872, the following statement is contained in the syllabus:

"Though an alley on certain premises may have been dedicated, and the alley appears on the map of the city, the city is not liable for injuries alleged to have resulted from the defective condition of the premises, where the same had never been used by the public as an alley or highway."

Since the requested instruction did not contain a correct statement of the laws, it was not error for the trial court to refuse to give the same.

It is insisted by the defendant that the plaintiff was not entitled to recover in this case because the testimony shows that the plaintiff entered the alley by trespassing across private property, and the case of Mulvane v. City of South Topeka (Kan.) 25 Pac. 217, is cited, in which the court said:

"There was no obligation resting upon the city to provide a way over private property to its public streets and avenues, and the fact that the ground over which the plaintiff passed had been used by the public for a number of years would not cast upon the city any duty to erect barriers, or place danger signals, upon such ground, unless the same as a part of the public streets of the city had full and complete control over the city."

That case and other cases cited in defendant's brief have no application to the facts in the case at bar, as the injury in the instant case did not occur while the plaintiff was entering the alley from private property, but after she had gained access to the same and was in the act of traveling across the same.

The defendant next complains of the refusal to give requested instruction No. 3, which is as follows:

"You are instructed if you find from the evidence that the alley was dark, and that the plaintiff attempted to go across the same, or along the same, and that it was imprudent to enter said alley on account of darkness, that the plaintiff went there when there was another way as near and safer that she could go if she had desired, she was guilty of contributory negligence and cannot recover."

This instruction was properly refused under the rule announced in Hines v. Dean, 96 Okla. 107, 220 Pac. 860, in the sixth paragraph of the syllabus, as follows:

"While it is well established by the decisions of this court that the trial court should not instruct the jury that if a certain state of facts is found to exist, such facts constitute contributory negligence and the plaintiff cannot recover, it is nevertheless the duty of the trial court to instruct the jury, upon request being made, what duty the law imposes upon the plaintiff as well as the defendant, and that a breach of that duty is negligence."

Defendant complains of the giving of instruction No. 10, which was as follows:

"The court instructs the jury that it is as much the duty of the city to keep the streets and alleys in the suburbs of the city in as safe condition for the use of travelers as those in the heart of the city; that while the authorities may have a discretion in the matter of elegance of pavements, or in the matter of pavements or no pavements, yet they have no discretion in the matter of safety; and it is an absolute duty to keep all the streets and alleys in the city in a reasonably safe condition for the use of travelers, whether in the body of the city or near its limits."

The plaintiff contends that this instruction followed the law announced in Town of Norman v. Teel, 12 Okla. 69, 69 Pac. 791; City of Stillwater v. Swisher, 16 Okla. 585, 85 Pac. 1110; and City of Hugo v. Nance,

39 Okla. 647, 135 Pac. 346. The law announced in Norman v. Teel, supra, is as follows:

"A municipal corporation is bound by law to use ordinary care and diligence to keep its streets and sidewalks in a reasonably safe condition for public use in the ordinary modes of traveling, and if it fails to do so it is liable for injuries sustained by reason of such negligence, provided, however, that the party injured exercises ordinary care to avoid the injury."

We are of the opinion that the instruction given does not follow the rule announced in the above cases, as it imposes upon the municipality the duty of keeping the streets and alleys in the suburbs in as safe condition for the use of travelers as the streets and alleys in the heart of the city, whereas the rule announced by this court is that it is the duty of the municipality to use ordinary care and diligence to keep its streets and sidewalks in a reasonably safe condition for public use in the ordinary modes of travel. It is manifest that a municipality should not be required to keep the streets and alleys which are little used in the same condition as streets and alleys which are more frequently used, and that acts which might amount to negligence in connection with streets and alleys which are situated in the heart of the city could not be considered negligence in connection with an alley situated in a remote part of the city and practically unused for travel.

A very similar instruction was held to be erroneous in Miller v. Mullan (Idaho) 19 Ann. Cas. 1107, and the court, in commenting on the same, said:

"Now, while it is true that the duty to keep sidewalks and crossings in a reasonably safe condition is imperative upon the municipal authorities with reference to walks in the outskirts of a town as well as in the busiest portion, still the place where the injury occurs often has an important bearing on the question of implied notice and consequent negligence. What would constitute reasonable care and precaution with reference to the repair and safety of a walk in a remote part of a town where it is but little used would not in every case amount to reasonable care and prudence with reference to a walk or crossing in the heart of the town where the entire population pass over it daily."

In the City of Guthrie v. Swan, 3 Okla. 116, 41 Pac. 84, the court had under consideration the question of the duty of the city to maintain a street in a safe condition for the entire width of the street, and in passing on that question the court quoted from 2 Dillon on Municipal Corporations (3rd Ed.) sec. 1016, as follows:

"'* * * Nor is a municipal corporation bound to keep all of its streets, and all parts of the streets, in good repair; but when it opens a street and invites public travel, it must be made reasonably safe for such use; but this does not .necessarily imply, as a matter of law, that the whole width of the street must be in good condition. Whether the street was wide enough to be safe; whether it was in a reasonably safe condition for public use by travelers who use ordinary care to avoid injury, are almost always questions for the jury"

—and quoted also from Craig v. City of Sedalia, 63 Mo. 417, as follows:

"In the case of Bassett v. City of St. Joseph, 53 Mo. 290-303, it was expressly decided that a city in not bound to keep all of its streets in good repair, under all circumstances; that it is only bound to keep such streets and parts of streets in repair as may be necessary for the convenience and use of the traveling public. It was further remarked in that case that it may be, and doubtless is the case, that there are streets, and parts of streets, in many cities, which are not at present necessary for the convenience of the public, that will be brought into use by the growth of the city, or there may be streets that have more width than is necessary for the present use or the requirements of travel, and that all that is required in such cases is that the city shall see that as the streets are required for use, they shall be placed in a reasonably safe condition for the convenience of travel."

So in the instant case it was the duty of the city to use ordinary care and diligence to keep the streets, sidewalks, and alleys in a reasonably safe condition for public use in the ordinary modes of travel over such highways regardless of whether the streets, alleys, or sidewalks were in the heart of the city or in the suburbs, but in determining what amounted to ordinary care and diligence, and what amounted to a reasonably safe condition, the surrounding facts must be considered, and this question should have been left to the jury for determination; whereas, the trial court determined as a matter of law that it was an absolute duty of the defendant to maintain this alley in as safe condition as a street in the heart of the city, and that failure to do so constituted negligence. It is our opinion that the giving of this instruction was prejudicial error.

The judgment of the trial court is reversed, and the cause remanded, with directions to grant a new trial.

JOHNSON, C. J., and McNEILL, HARRISON, MASON, and LYDICK, JJ., concur.