Note.—See under (1) 27 Cyc. pp. 1690, 1691; (2) Cyc. p. 1709; (3) 27 Cyc. p. 1709.

## TOWN OF CANTON v. MANSFIELD.

No. 12082—Opinion Filed Feb. 10, 1925.

Rehearing Denied March 3, 1925.

(Syllabus.)

1. **Municipal Corporations—Unsafe Condition of Streets and Sidewalks—Liability for Injuries.**

It is the duty of a municipal corporation to use ordinary care and diligence in keeping its streets and sidewalks in a reasonably safe condition for the ordinary mode of travel, and if it fails to do so, it is guilty of negligence, which will make it liable for injury resulting therefrom, provided the injured party exercises ordinary care to avoid injury.

2. **Trial — Demurrer to Evidence—Consideration.**

In passing upon a demurrer to the evidence the court does not weigh the evidence. The demurrer admits every fact which the evidence in the slightest degree tends to prove and all inferences and conclusions that may be reasonably and logically drawn from the same, and where there is any conflict in the plaintiff's evidence that would make any part of it unfavorable to plaintiff or sustain the defense, the court in passing upon such demurrer should consider such evidence withdrawn.

3. **Appeal and Error—Questions of Fact—Conclusiveness of Verdict.**

In a civil action, triable to a jury, where there is competent evidence reasonably tending to support the verdict of the jury, and no prejudicial errors of law are shown in the instructions of the court or its ruling on law questions presented during the trial, the verdict and finding of the jury will not be disturbed on appeal.

Error from District Court, Blaine County; Thomas A. Edwards, Judge.

Action by Jane Mansfield against the Town of Canton. Judgment for plaintiff, and defendant brings error. Affirmed.

Simons, McKnight & Simons, for plaintiff in error.

Seymour Foose, R. C. Brown, and T. C. Knoop, for defendant in error.

CLARK, J. This action was instituted by Jane Mansfield, defendant in error, plaintiff below, against the town of Canton, Blaine county, plaintiff in error, defendant below.

For convenience the parties will be referred to as they appeared in the lower court.

Plaintiff brought said action to recover damages for personal injuries received while walking along one of the streets of said town of Canton. There was a trial to a jury, and judgment for plaintiff in the sum of $500. From this judgment the defendant appeals.

The propositions urged on appeal by the defendant, which require consideration, may be generally stated: (1) That the facts do not establish liability on the part of the city; (2) that they do not show that plaintiff's injuries resulted from any negligence of the defendant; (3) that the evidence was insufficient on which to base a verdict for plaintiff; (4) that the court erred in admitting certain incompetent evidence; (5) that the court erred in giving certain instructions to the jury and in refusing to give instructions requested by the defendant.

The material facts are substantially as follows: That the plaintiff on the 14th day of August, 1917, while walking along and upon a path on the east side of block 4 on Broadway, between the place where the sidewalk should have been and the main traveled part of the street, which said street runs north and south through the main business district of said town, and at such point, with due diligence and care and without any negligence on the part of plaintiff, that said plaintiff stumbled, slipped, and fell, and was thereby seriously injured.

Plaintiff alleges that the defendant had failed to maintain its streets in proper and safe condition, and had negligently permitted the said path to become rough and uneven, and to become worn, washed, and blown out, and that adjoining surface was grown up with weeds, grass, and thistles, same being rough and uneven, and that this condition had existed a long time prior to said injury.

Plaintiff further alleges that defendant had negligently failed and neglected to provide any fit or suitable way for foot travel around said described point.

The defendant answered by a general denial, and also pleaded contributory negligence on the part of the plaintiff, in this, that the plaintiff had failed to use proper care in walking upon said highway and that the injury was a result of her own carelessness and neglect and failure to use ordinary care.

Plaintiff filed a reply to the answer of defendant which was a general denial. At the close of plaintiff's case defendant demurred to the evidence of plaintiff, which was by the court overruled, and proper exceptions saved by defendant.

Defendant makes the following specifications of error:

"(1) That the court below erred in overruling the demurrer of the defendant to the evidence of the plaintiff.

"(2) That the court below erred in refusing to direct the jury in said cause to return a verdict in favor of the defendant and against the plaintiff.

"(3) That there is no evidence whatsoever to sustain the verdict in favor of the plaintiff.

"(4) That the court below erred in admitting evidence on behalf of the plaintiff, to which the defendant duly objected and excepted.

"(5) That the court below erred in giving to the jury instructions in writing in said cause, to which the defendant duly objected and excepted.

"(6) That the court below erred in refusing to give to the jury instructions in writing requested by the defendant.

"(7) That the court below erred in overruling the motion of the defendant for a new trial."

The first three propositions of error can be treated under one head, which goes to the proposition, "Was the evidence sufficient to sustain the verdict?" After a careful examination of the evidence and the record we are of the opinion that the evidence was sufficient and that the court committed no error in submitting the case to the jury.

On this point this court, in the case of Shawnee Light & Power Co. v. Sears, 21 Okla. 13, 95 Pac. 449, states:

"A demurrer to the evidence admits all the facts which the evidence in the slightest degree tends to prove, and all the inferences or conclusions which may be reasonably and logically drawn from the evidence. On a demurrer to the evidence, the court cannot weigh conflicting evidence, but will treat the evidence as withdrawn which is most favorable to the demurrant."

The same is also held in Ziska v. Ziska et al., 20 Okla. 634, 95 Pac. 254, and Singer v. Citizens' Bank of Headrick, 79 Okla. 267, 193 Pac. 41.

The evidence disclosed that the condition of the sidewalk, or path, had existed for a long time prior to the time of the accident which resulted in the injury of the plaintiff.

It was actionable negligence for the defendant to permit the sidewalk, or path, the same being the only road for foot travelers,

to remain in the condition it was. Whether or not the plaintiff was exercising ordinary care, whether or not she was injured by reason of the condition of the sidewalk, or path, and whether or not the town had or ought to have had notice of the condition of the sidewalk. or path, is a question of fact for the jury, and there being evidence to sustain the verdict, though in conflict, the verdict of the jury is conclusive on these points.

The fourth assignment of error by the defendant is that the court committed error in admitting certain evidence over the objection of the defendant, to which the defendant duly objected and excepted. The defendant contends that the court erred in admitting a certain photograph, taken sometime after the alleged accident, and it was agreed that the condition was not the same at the time of the taking of the photograph as it was at the time of the alleged accident, there being some evidence permitted to go to the jury under certain instructions of the court that the town had graded said portion of sidewalk and filled in certain holes in the dirt path.

After viewing the photograph and all the evidence we cannot hold that this was prejudicial error, as the photograph was admitted for a limited purpose and under proper instructions from the court.

Defendant's fifth assignment of error complains of the instructions given. We have carefully examined the instructions, and we find that they clearly and fairly stated the law in the case at bar.

The sixth assignment of error complains that the court erred in refusing to give the jury instructions requested by the defendant.

The instructions requested by the defendant, refused and excepted to, are not set out in the brief in totidem verbis, as required by part of rule 25 of this court, and therefore the same cannot be considered.

We think from examination of all the record, the evidence in the case, and the instructions of the court, that a fair trial was had, and that all rights of the defendant were protected by the trial court. We find no error in the action of the trial court in the matters complained of, and the court committed no error in overruling the defendant's motion for a new trial.

The judgment of the trial court is, therefore, affirmed.

NICHOLSON, C. J., and BRANSON, PHELPS, LESTER, HUNT, and RILEY, JJ., concur.

Note.—See under (1) 28 Cyc. pp. 1341, 1359; (2) 38 Cyc. pp. 1542, 1543; (3) 4 C. J. p. 851.