## CITY OF SAPULPA v. WILLIAMS.

No. 17229—Opinion Filed Sept. 7, 1926.

(Syllabus.)

**1. Municipal Corporations—Duty to Keep Streets in Safe Condition.**

A municipal corporation is bound by law to use ordinary care and diligence to keep its streets in a reasonably safe condition for public use in the ordinary mode of traveling.

**2. Same—Liability for Injuries from Defective Condition of Streets.**

Ordinarily, a municipality is not liable for an injury caused by a defect in a public street, except where it has neglected some duty in that respect after it has had notice of the defect, or unless the facts and circumstances are such as to warrant an inference of notice or knowledge of such defect, or the defect had existed for such a length of time that by the exercise of reasonable diligence it might have been known and corrected.

**3. Same—Question of Fact as to Reasonably Safe Condition of Street — Review of Findings.**

Where a city street contained a ditch or gully about 2 feet wide, 2 to 3 feet deep, and 6 feet long, whether the street with such a ditch in it was in a reasonably safe condition, and the city had exercised reasonable care, were questions of fact for the jury, and their finding will not be disturbed on appeal when there is any evidence reasonably supporting the same.

Error from District Court, Creek County; John L. Norman, Judge.

Action by Annie Williams against the City of Sapulpa. From a judgment for plaintiff, defendant appeals. Affirmed.

E. C. McMichael, City Atty., for plaintiff in error.

Thompson & Smith, for defendant in error.

PHELPS, J. Annie Williams brought this action against the city of Sapulpa, a municipal corporation, to recover damages for personal injuries alleged to have been sustained by her by reason of a defective condition of a street in the city of Sapulpa. Trial was had to a jury and a verdict returned and judgment rendered for the plaintiff for $1,000. The city appealed, alleging that the court erred (1) in overruling its motion for a new trial; (2) in overruling its demurrer to the evidence of the plaintiff; and (3) in overruling its motion for a directed verdict.

The evidence, though not in harmony, in substance shows: That the plaintiff, a woman about 63 years of age, lived near Grove street in Sapulpa, which was a dirt surfaced street on the dividing line between the city and the township. That in said street, and wholly within the limits of the city, a ditch or gully had been washed by the spring rains and had been allowed to remain open. This ditch was about 2 feet wide, 2 or 3 feet deep, and 6 feet long. That about August 23rd the plaintiff, while crossing this street and endeavoring to cross this ditch, was injured by the dirt on the side of the ditch giving way and causing her to fall. She was confined to her bed for several months and suffered continually from the injuries to her hip and limbs as a result of this fall. It was shown that the ditch had been in existence in the street since spring, and there was evidence that this fact had been called to the attention of the city engineer and city manager several weeks before the accident, and that it was repaired on the day of the accident, but after the accident had occurred.

The sole question presented here is whether there was sufficient evidence to justify the submission of this case to the jury. A city is not an insurer of the safety of its streets, and its liability, if any, rests upon the three essentials of actionable negligence: (1) The existence of a duty on the part of the defendant to protect the plaintiff; (2) failure of the defendant to perform that duty; (3) injury to the plaintiff proximately resulting from such failure. There is a duty incumbent on a municipality to use ordinary care and diligence in keeping its streets in a reasonably safe condition for public use in the ordinary mode of traveling. Town of Quapaw v. Holden, 96 Okla. 281, 222 Pac. 680; Town of Canton v Mansfield, 108 Okla. 60, 233 Pac. 1071.

Ordinarily, a municipality is not liable for an injury caused by a defect in a public street, except where it has neglected some duty in that respect after it has had notice of the defect or obstruction, or unless the facts and circumstances are such as to warrant an inference of notice or knowledge of such defect or obstruction, or that the defect or obstruction had existed for such a length of time that by the exercise of reasonable diligence it might have been known and corrected. Armstrong v. City of Tulsa, 102 Okla. 49, 226 Pac. 560. In this case we have evidence not only tending to show actual notice of the defect, but also evidence of its apparent existence for a considerable length of time. Now the question is presented whether the existence of this ditch was such a condition of the street which the city, in the exercise of that reasonable care that it owed the plaintiff and the public generally, should have anticipated would have produced this or other accidents. This was a fact for the jury to determine, and we can not say, under the circumstances, that the city was free from negligence and that the judgment is not supported by the evidence. Armstrong v. City of Tulsa, supra; Purcell v. City of Chicago, 231 Ill. 164, 83 N. E. 137; Brush v. City of New York, 69 N. Y. Supp. 51.

Finding no prejudicial error in the trial below, the judgment is affirmed.

NICHOLSON, C. J., BRANSON, V. C. J., and MASON, LESTER, HUNT, CLARK, and RILEY, JJ., concur.