## CITY OF ADA v. BURROW.

No. 23449.   March 5, 1935.

Thomas P. Holt and J. Wm. Crawford, for plaintiff in error.

McKeown & Green, for defendant in error.

WELCH, J. This is an appeal from the district court of Pontotoc county. Plaintiff in error, the city of Ada, a municipal corporation, was defendant in the district court, and the defendant in error, W. L. Burrow, was plaintiff in the lower court. The parties will be referred to as plaintiff and defendant, as they appeared in the trial court.

Plaintiff's suit was brought to recover damages for injuries sustained by plaintiff when he fell on a sidewalk in the city of Ada, on August 16, 1930, at the hour of 2 o'clock in the afternoon. Plaintiff sought to hold the city liable by reason of an alleged defective sidewalk constructed and maintained by the defendant city. The alleged defect which plaintiff claimed to be dangerous is best described by quoting from plaintiff's petition as being:

"* * * A slope or drop of five inches from the sidewalk level, covering a space of 21 inches. and extending the entire width of said sidewalk at said point, all of which was suffered to remain by defendant for at least a period of ten years, prior to the 16th day of August, 1930."

The cause was submitted to a jury, resulting in a verdict and judgment in favor of the plaintiff in the sum of $600, and defendant has appealed.

One of the questions presented here is the failure of the court to instruct a verdict in favor of defendant. In considering that question we observe that the record contains no dispute of fact. It appears conceded that the condition of the sidewalk is exactly as alleged in plaintiff's petition, and that plaintiff sustained injuries by reason of a fall at that point, and that no other fact or circumstance is alleged or proved to show negligence on the part of defendant. In 43 C. J. page 998, paragraph 1785, we find a statement of the general rule applicable to liability of municipal corporations for injuries sustained in cases such as this. We quote therefrom as follows:

"The liability of a municipal corporation for injuries from defects or obstructions in its streets is for negligence, and for negligence only; it is not an insurer of the safety of travelers, and is not liable for consequences arising from unusual or extraordinary circumstances which could not have been foreseen, but is required to exercise ordinary or reasonable care to maintain its streets and sidewalks in a reasonably safe condition for travel by those using them in proper manner."

This rule has been adopted and applied in numerous cases decided by this court, and appears a well-established principle of law of this state. City of Picher v. Barrett, 120 Okla. 66, 249 P. 739; Town of Norman v. Teel, 12 Okla. 69, 69 P. 791; City of Woodward v. Bowder, 46 Okla. 505, 149 P. 138; Town of Quapaw v. Holden, 96 Okla. 281, 222 P. 680; Town of Canton v. Mansfield, 108 Okla. 60, 233 P. 1071; City of Sapulpa v. Williams, 121 Okla. 176, 249 P. 152; City of Stillwater v. Swisher, 16 Okla. 585, 85 P. 1110; Armstrong v. City of Tulsa, 102 Okla. 49, 226 P. 560; City of Chickasha v. Daniels, 123 Okla. 73, 251 P. 978; City of Duncan v. Brown, 69 Okla. 246, 172 P. 79.

In discussing the reasonable care required of municipal corporations in such cases, we find the following apt statements of the law contained in the same volume of C. J. at page 1002, paragraph 1786:

"In determining whether the corporation is exercising reasonable care in the performance of its duty to make and maintain its streets reasonably safe, each case must depend upon its own surrounding circumstances. The care must be reasonable and commensurate with the danger, but in the performance of this duty the municipality has a wide discretion, with which the courts will not interfere in the absence of gross abuse."

And further in the same volume, beginning with page 1010 thereof:

"But the municipality will not be liable for every defect or obstruction, however slight or trivial, or little likely to cause injury, or for every mere inequality or irregularity in the surface of the way; it is only against danger which can. or ought to be anticipated, in the exercise of reasonable care and prudence, that the municipality is bound to guard."

And again on page 1011:

"In each case the way is to be pronounced sufficient or insufficient as it is or is not reasonably safe for the ordinary purposes of travel under the particular circumstances which exist in connection with that particular case, considering the nature of the place and such reasonable limitations as may be put upon the use of the way for travel by virtue of other public necessities, convenience, and safety. * * *"

And on page 1017, the following appears:

"A municipality is not required so to construct all its sidewalks that they shall meet upon exactly the same level, and the mere existence of a descent, slope, or step in the sidewalk does not render it liable for accidents to persons in stepping from one ele-

ration to another, where the inequality or inclination is so slight that injury therefrom could not reasonably be anticipated. But it is the duty of the municipality, when such steps or slopes are necessary, to construct and maintain them in a reasonably and ordinarily safe condition as to such persons as may lawfully, and in the exercise of ordinary care, use them, and recovery may be had against it for negligently constructing or permitting unusual or unnecessary steps, slopes, or abrupt descents, from which injury might have been reasonably anticipated; or where the plan of construction adopted was manifestly unsafe; or where the step or slope was constructed in violation of the requirements of the common council. So it has been held that liability will be incurred where the injury results from the fact that a sidewalk built on an incline was constructed with a smooth surface instead of rough finish customarily used under such circumstances."

In the same volume of C. J. at page 1278, paragraph 2042, we find a statement of the law which we approve and hold to be applicable here, to wit:

"Where there is evidence from which the jury might be justified in finding the existence of the fact in issue, the issue should be submitted to it for determination under proper instructions from the court, as where there is evidence tending to show the fact in issue, but it is conflicting, or is such that reasonable minds might come to different conclusions therefrom; and in such case it is error for the court to declare the issue established as a matter of law. Where, however, there is no evidence on an issue of fact, or if there is evidence but it is legally insufficient to justify the jury in finding the existence or nonexistence of such fact, or if the evidence is such that but one inference can be reasonably drawn therefrom, the question is one of law for the court and should be disposed of without the intervention of a jury, as by dismissal or nonsuit, or by directing a verdict. * * *"

And further, on page 1282, the following:

"But where the evidence is legally insufficient, or where the facts are undisputed and the inference to be drawn from them is clear and certain, the question of defendant's negligence is one of law for the court and it may dispose of the question without the intervention of a jury, as by a dismissal or nonsuit, or by directing a verdict for defendant. * * *"

This court in a number of decisions has adhered to the general principles above set out with reference to the submission of the case to a jury where the evidence is conflicting, and where it is sufficient to establish a reasonable showing of negligence on the part of the municipal corporation involved. Among such cases will be found the following: City of Picher v. Barrett, supra; City of Woodward v. Bowder, supra; Town of Quapaw v. Holden, supra; Town of Canton v. Mansfield, supra; City of Sapulpa v. Williams, supra; City of Stillwater v. Swisher, supra; Armstrong v. City of Tulsa, supra; City of Duncan v. Brown, supra; City of Kaw City v. Wooden, 130 Okla. 162, 265 P. 1057.

In fact, we observe that the great majority of cases which have come to this court have been those wherein there was sufficient evidence for submission of such issue to the jury.

In the case of City of Bristow v. Pinkley, 158 Okla. 104, 12 P. (2d) 229, a comparatively recent case, this court in effect adopted the above quoted principles of law, and denied the plaintiff's right to recover upon the principle that there was no evidence establishing liability on the part of the city of Bristow. It was likewise in City of Tulsa v. Frye, 165 Okla. 302, 25 P. (2d) 1080.

In the instant case the plaintiff has not shown any act of negligence on the part of the city of Ada in the construction and maintenance of its sidewalk, unless it can be said as a matter of law that the mere fact of the incline as described in the petition is sufficient to raise a reasonable inference of negligence. There is no showing that such an incline is immoderate or not in accordance with generally accepted and customary methods of sidewalk construction. There is no intimation that such incline was unusual or unnecessary. We are of the opinion, and hold under the authorities herein cited, and as a matter of common experience and observation, that the condition of the sidewalk alone as shown by this record is not inherently dangerous to the ordinary and customary travel thereon, and therefore there was no question properly referable to the jury, and the court erred in failing to instruct a verdict for defendant.

Further complaint is made by the defendant of the court's failure to instruct the jury on the question of contributory negligence. In view of our conclusion already reached, it is our opinion that a determination of such question would serve no useful purpose in this controversy.

The cause is reversed and remanded, with instructions to render judgment in favor of the defendant.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS and CORN, JJ., concur.